**In the Matter of Robert E. PASKO and Dorothy Pasko, Debtor(s).**

**Bankruptcy No. 87 B 14781.**

United States Bankruptcy Court, N.D. Illinois, E.D.

April 21, 1988.

John Knapp, South Holland, Ill., for debtors Robert & Dorothy Pasko.

Coakley & Smith Chartered, Oak Lawn, Ill., for movant Concordia Federal Bank for Sav.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard before the Court on the motion of Concordia Federal Bank for Savings ("Concordia") pursuant to Federal Rule of Bankruptcy Procedure 9011 for sanctions against the debtors Robert E. Pasko and Dorothy Pasko and their attorney John Knapp. The debtors and their attorney failed to answer any of the allegations in Concordia's motion for sanctions. They also failed to attend any of the scheduled hearings or offer any evidence in opposition to the relief sought. For the reasons set forth herein, the Court having considered all the pleadings, affidavits and exhibits filed by Concordia, allows the motion and does hereby impose sanctions against John Knapp and the debtors Robert E. Pasko and Dorothy Pasko.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. The motion is deemed a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

## II. FACTS AND BACKGROUND

Based on Concordia's motion for sanctions served on the parties on December 21, 1987, and presented and filed in open court on January 8, 1988, the debtors' petition for relief under Chapter 13 with accompanying schedules and statement of affairs filed October 8, 1987, and the other pleadings, affidavits and documents contained in the court file, the Court finds the following:

A. *The Chapter 13 Proceedings*

The handwritten petition, statement of affairs and schedules of assets and liabilities were signed by Knapp and both debt-

ors. The schedules and statement of affairs were certified by both debtors. Knapp has not signed any other pleadings except his affidavit evidencing compliance with General Rule 39. Numerous interrogatories in the statement of affairs were completely unanswered and others incompletely answered. The Court notes that the interrogatories referencing the two foreclosure actions (10 a., b., and c.) were incompletely answered. No reference therein was made to the fact that both foreclosure actions had proceeded to judgment, sale, expiration of applicable redemption period, issuance of sheriff's deeds, all prior to the filing of the Chapter 13 case on October 8, 1987. Schedule A–2 of the debtors' petition lists Concordia as a secured creditor with an unliquidated claim in the amount of eighteen thousand dollars ($18,-000.00). Schedule B–1 lists the debtors as the owners of 225 156th Place, Calumet City, Illinois ("Calumet City property") and 5543 Sohl Avenue, Hammond, Indiana ("Hammond property"). Concordia is the only creditor, secured or otherwise, listed on the schedules. The Bankruptcy Judge previously assigned the case entered an Order of dismissal on December 4, 1987, on the motion of the Trustee for failure to file a plan in compliance with Bankruptcy Code § 1321 and Federal Rule of Bankruptcy Procedure 1007(c). The Order of dismissal was entered on the docket on December 8, 1987.

### B. *225 156th Place, Calumet City, Illinois*

On July 22, 1986, Concordia filed a counterclaim in the Circuit Court of Cook County to foreclose on a mortgage it held on the Calumet City property. This parcel was formerly owned by the debtors and was listed as their residence address in the Chapter 13 petition. A judgment of foreclosure was entered and a sheriff's sale was conducted on October 9, 1986, at which time Concordia was the successful bidder. All rights of redemption in the property expired. On April 27, 1987, a Sheriff's Deed was issued conveying the property to Concordia. The deed was subsequently recorded with the Recorder of Deeds of Cook County.

On May 12, 1987, Concordia sought an order of possession from the debtors in the Cook County Circuit Court. On June 23, 1987, Concordia obtained an order of possession. The order, however, provided for a stay of execution until August 7, 1987. The sheriff did not attempt to execute on the order until October 9, 1987, at which time the sheriff learned that the above-entitled action had been filed.

### C. *5543 Sohl Avenue, Hammond, Indiana*

On August 13, 1986, Concordia filed a mortgage foreclosure action in the Circuit Court of Lake County, Indiana, with respect to the Hammond property. A judgment of foreclosure was entered in June, 1987, and a sheriff's sale conducted on September 18, 1987. Concordia was the successful bidder. On September 18, 1987, all rights of redemption in the property expired. A Sheriff's Deed was issued conveying the property to Concordia. The property was occupied by Jessie Dilbeck who Concordia claims held a month-to-month tenancy with the debtors as the lessor, at a monthly rental of $250.00. Concordia further alleges that the debtors collected $250.00 from Dilbeck for the month of November, 1987.

### D. *Concordia's Motion for Sanctions Under Rule 9011*

Concordia contends that the debtors and their attorney knew or should have known that Concordia was the owner of both parcels of real estate. Additionally, Concordia alleges that the debtors filed their petition in bad faith and for the purpose of delaying Concordia's legal remedies. As shown by affidavit of attorney William M. Smith, Concordia claims with respect to the Calumet City property, that $803.75 was incurred in attorneys' fees on the instant motion for sanctions plus $656.25 was incurred as a result of filing a motion to modify the automatic stay. With respect to the Hammond property, Concordia claims that $320.00 was incurred in attor-

neys' fees. Moreover, Concordia seeks to recover the $250.00 paid to the debtors by the tenant Jessie Dilbeck. The motion seeks a total of $2,030.00 in fees and costs incurred and rentals.

## III. DISCUSSION

Fed.R.Bankr.P. 9011 is analogous to Fed. R.Civ.P. 11 and imposes sanctions under similar circumstances as Rule 11. Bankruptcy Rule 9011(a) provides in relevant part:

> Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, *except a list, schedule, statement of financial affairs, statement of executory contracts, statement of intention, Chapter 13 Statement, or amendments thereto,* shall be signed by at least one attorney of record in the attorney's individual name, whose office address and telephone number shall be stated. A party who is not represented by an attorney shall sign all papers and state the party's address and telephone number. The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a

reasonable attorney's fee. (Emphasis added.)

Fed.R.Bankr.P. 9011(a).

The Court notes that the exceptions contained in the Bankruptcy Rule do not apply to the facts of this case because the petition for relief was signed by Knapp. The petition was attached to and filed simultaneously with the schedules and statement of affairs, which were signed by the Paskos and filed as one pleading. Thus, the potential for sanctions under the Rule was triggered by the filing of the case on October 8, 1987.

■ Because Bankruptcy Rule 9011 and Rule 11 are analogous, the authorities construing Rule 11 are applicable to the case at bar. The Court has jurisdiction to impose sanctions under these rules. *In re TCI, Ltd.,* 769 F.2d 441, 448 (7th Cir.1985); *In re Chicago Midwest Donut, Inc.,* 82 B.R. 943 (Bankr.N.D.Ill.1988). The primary purpose of both rules is to deter unnecessary filings for the benefit of the judicial system. *Szabo Food Serv., Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077–80 (7th Cir.1987). Rule 11 can be invoked in this District even after a *voluntary* dismissal of the case. *See, Szabo, supra.* Therefore, Rule 11 applies in cases involuntarily dismissed, as was the case at bar. It is well established that "[t]he standard for imposing sanctions under Rule 11 is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Boards of U.S.,* 830 F.2d 1429, 1435 (7th Cir.1987). *See Dreis & Krump Mfg. v. International Ass'n of Machinists,* 802 F.2d 247, 255 (7th Cir. 1986). Subjective bad faith is no longer the inquiry. *See, e.g., Brown,* 830 F.2d at 1435.

■ Rule 11 contains two grounds for sanctions. The first ground is the "frivolousness clause." *Brown,* 830 F.2d at 1435. The relevant inquiry for this ground is twofold: (1) whether the attorney or party made a reasonable investigation into the facts; and (2) whether the attorney or party made a reasonable investigation of the law.[1]

---

**1.** From the outset, it should be noted that Concordia has not alleged an unreasonable investi-

In making a determination of whether the attorney or party made a reasonable inquiry into the facts of the case, the following factors must be considered:

> ... whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts.

*Brown,* 830 F.2d at 1435; *See also, R.K. Harp Investment Corp. v. McQuade,* 825 F.2d 1101, 1103–04 (7th Cir.1987).

■ The second ground for imposing sanctions under Rule 11 is the "improper purpose" clause. *Brown,* 830 F.2d at 1436. This ground of Rule 11 provides that a motion, pleading, or other document may not be interposed for the purposes of delay, harassment, or increasing the costs of litigation. An objective standard is used to assess whether the party or attorney acted with an improper purpose. *Thornton v. Wahl,* 787 F.2d 1151 (7th Cir.) *cert. denied,* 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

The Court will impose sanctions against Knapp and the Paskos under the first ground of Rule 11. The Court declines to impose sanctions under the second ground. No testimonial evidence was offered in support of or in opposition to the motion. Thus, the Court was unable to clearly determine the purposes for which the Chapter 13 case was filed and whether it constituted a bad faith filing, as argued by Concordia. There may have been good reason to file the Chapter 13 case. *See, e.g., In re Metz,* 820 F.2d 1495 (9th Cir.1987) (Chapter 13 filed on day Chapter 7 discharge granted found not bad faith where purpose was to cure delinquent home mortgage and debtor's increased salary made cure possi-

ble). Allegations of "good faith" and "bad faith" often practically involve a subjective standard, inappropriate under the controlling precedents from the Seventh Circuit Court of Appeals. The facts of this case permit its determination under the first ground of the rule discussed above and the purely objective standard set.

■ A pleading, motion, or paper is not well grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known to the attorney or the party signing the filing. *Frazier v. Cast,* 771 F.2d 259, 263–65 (7th Cir.1985). The debtors' schedules filed with and attached to the petition lists both the Calumet City property and the Hammond property as assets of the debtors. The Court finds that upon a reasonable investigation into the facts, the debtors' attorney could have ascertained that on October 8, 1987, Concordia was the then legal owner of record of both properties, as evidenced by the Sheriffs' deeds issued and recorded. Moreover, the debtors and their attorney should have known that Concordia sought possession of the Calumet City property. As evidenced by Cook County Circuit Judge Marovich's Order dated June 23, 1987, the debtors' attorney appeared in the Circuit Court of Cook County on behalf of the debtors seeking to vacate an order for possession for the Calumet City property. On the side of the Order of June 23, 1987, is what purports to be John Knapp's signature. That Order further indicates oral arguments were heard that date. Thus, Knapp must have known that Judge Marovich denied his clients' motion and ordered possession in favor of Concordia for the Calumet City property effective August 7, 1987.

■ Therefore, this Court finds that the representations of ownership of the properties made by Knapp and the Paskos in the Chapter 13 petition and schedules filed in October, 1987, were not reasonable given the fact that Concordia held recorded deeds to the properties. A minimal investigation

gation of the law. Rather, Concordia contends that listing the properties on the schedules constitutes an unreasonable inquiry into the sur-

rounding facts. Thus, the Court will not discuss the second prong of the first ground.

on the part of either Knapp or the Paskos would have revealed Concordia, not the Paskos, as the true record owner of the subject properties.

In the absence of additional clear evidence, the Court does not find that the filing of the Chapter 13 petition was in bad faith. The fact that the debtors filed their petition one day before the sheriff was to execute on the order for possession for the Calumet City property does not conclusively prove a bad faith filing. In addition, the subsequent dismissal of the Chapter 13 petition by Judge Katz on December 4, 1987, for failure to file a Chapter 13 plan does not prove Concordia's claim that the petition was filed in bad faith solely for the purpose of delaying the eviction proceedings. The Court is unwilling to make such a finding absent additional evidence. Filing a petition the day before an eviction coupled with a dismissal of that petition for failure to file a plan is strong indicia of a suspect or improper purpose. However, the Court is not willing to make such a finding based solely on the pleadings, exhibits and affidavits filed by Concordia, notwithstanding respondents' failure to attend the February 29, March 15 and March 29, 1988 hearings held before this Court. Debtors may have some legitimate reason for filing the Chapter 13 case, as in *In re Metz, supra.* Even a "good faith" filing does not prevent sanctions imposed hereby under the known facts and the objective standards not met in this case by respondents under the first ground of the Rule as discussed above.

When a sanction is imposed for misconduct a frequent question arises as to whether the brunt of the sanction should be borne by the litigant or by counsel. Courts allocate sanctions between the attorney and the client according to their relative culpability in violating Rule 11. *Chevron, U.S.A., Inc. v. Hand,* 763 F.2d 1184, 1187 (10th Cir.1985). Generally, sanctions fall wholly on the client when he has misled his attorney as to the facts or purpose of the proceeding as in *Chevron, supra.* When an attorney and client share responsibility for litigation strategy and such strategy violates Rule 11, courts can impose joint and several liability. *See In re TCI Ltd.,* 769 F.2d at 446 ("when lawyers yield to the temptation to file baseless pleadings to appease clients, however, they must understand that their adversary's fees become a cost of *their* business.").

Because the debtors and their attorney have all signed the Chapter 13 petition triggering application of Rule 9011, the Court will impose sanctions upon all three, thereby making them jointly and severally liable to Concordia for its costs and fees incurred and post-petition rents collected but not paid to Concordia. Both the debtors and John Knapp have failed to answer or otherwise respond in any way to the allegations in the instant motion. Therefore, it is unclear from Concordia's uncontroverted facts what the relative culpability of each party is against whom sanctions are sought. In the absence of any defense or showing of mitigating facts favoring one or more of the respondents, the Court is unable to allocate such culpability and thus holds each party equally responsible. This Court also finds that the fees incurred by Concordia's attorneys, the law firm of Coakley & Smith Chartered, are reasonable in light of the facts and circumstances and the supporting affidavits of its attorneys.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby imposes sanctions pursuant to Bankruptcy Rule 9011 against John Knapp and the debtors, Robert E. Pasko and Dorothy Pasko, jointly and severally, and awards judgment therefore in favor of Concordia in the aggregate amount of $2,030.00.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

See written Order.