**In the Matter of James Melbourne JONES, Debtor.**

**Bankruptcy Nos. 89–11690, 89–10813.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

July 26, 1990.

Roland W. Gariepy, Fort Wayne, Ind., for debtor.

Daniel E. Serban, Fort Wayne, Ind., for Lincoln Bank.

## DECISION

ROBERT E. GRANT, District Judge.

Between March 20, 1987 and March 14, 1990, the debtor filed five separate petitions for relief under the United States Bankruptcy Code. Each case created the automatic stay of 11 U.S.C. § 362. Each case was also dismissed; the most recent dismissal carrying with it the prohibition that debtor shall not be eligible for relief under any Chapter of Title 11 for a period of one year. This matter is currently before the court on Lincoln National Bank and Trust Company's motion for sanctions. Pursuant to Bankruptcy Rule 9011, Lincoln Bank seeks the imposition of sanctions as a result of debtor's third and fourth bankruptcy petitions.

Lincoln Bank is a creditor of the Debtor, James Melbourne Jones and his wife, Rhonita E. Jones. As security for payment of the obligation to it, Lincoln Bank holds the first mortgage upon debtor's residence.

The debtor has failed and refused to make the mortgage payments due Lincoln Bank for over five years.

On October 9, 1986, Lincoln Bank filed a complaint against the debtor and his wife, with the Allen Superior Court, which sought to foreclose its mortgage upon their residence. A hearing on the bank's motion for summary judgment was to have taken place in that action on March 20, 1987 at 9:00 a.m. On the morning of March 20, 1987, before the state court could hear the bank's motion for summary judgment, the debtor filed a petition for relief under Chapter 11 which was docketed with this court as Case Number 87–10333. This case was dismissed in July of 1987 due to debtor's failure to file proper schedules.

Following the dismissal of debtor's first case, the hearing on the bank's motion for summary judgment was re-scheduled for July 30, 1987 at 9:00 a.m. On the morning of July 30, 1987, before the state court could hear the motion for summary judgment, the debtor filed his second petition for relief under Chapter 11, which was docketed in this court as Case Number 87–11018. By its order of February 11, 1988, this court relieved Lincoln National Bank of the automatic stay and ordered the residence securing payment of the amounts due it to be abandoned. Debtor's second bankruptcy case was dismissed on February 19, 1988 due to debtor's failure to file a plan and disclosure statement.

Sometime between February 19, 1988 and May 31, 1989, Lincoln Bank was successful in reducing its claim against the debtor to judgment and obtaining a decree

of foreclosure. A sheriff's sale was scheduled for May 31, 1989, at which the debtor's residence was to be sold.

On May 30, 1989, the debtor filed his third bankruptcy petition, this time seeking relief under Chapter 7, which was docketed in this court as Case Number 89–10813. Debtor requested and, by the court's order of June 15, 1989, was granted an extension of time to June 26, 1989 within which to file the statement of affairs, schedule of assets, and schedule of income and expenses. On June 26, 1989, rather than filing the required statement and schedules, debtor, by counsel, filed a motion to dismiss the Chapter 7 case "for the reason that debtor does not wish to proceed." During the pendency of the issues raised by debtor's motion to dismiss, Lincoln Bank requested and, on September 13, 1989, received relief from the automatic stay and the abandonment of the real estate securing its claim. As a result of this relief, debtor's residence was again scheduled to be sold at a sheriff's sale to be held on November 15, 1989.

On November 14, 1989, the debtor filed his fourth bankruptcy case with another petition for relief under Chapter 11, which was docketed in this court as Case Number 89–11690. On the date that this petition was filed, the debtor's prior Chapter 7 was still pending before the court and, because of the pending motion to dismiss, no discharge had been entered.

Debtor's motion to dismiss his Chapter 7 case was granted by the court's order of January 8, 1990, with the proviso that the court would retain jurisdiction over Lincoln Bank's pending motion for sanctions.

Debtor's fourth bankruptcy case, the Chapter 11 petition docketed as Case Number 89–11690, was dismissed by the court's order of January 11, 1990, with the proviso that the court would retain jurisdiction over a pending motion for sanctions filed on behalf of Lincoln Bank.

In each of the debtor's first four bankruptcy cases, Mr. Roland Gariepy served as counsel for the debtor and signed the petitions as counsel for the debtor.

Following the dismissal of debtor's fourth bankruptcy, the sheriff's sale of debtor's residence was rescheduled for March 14, 1990. On March 14, 1990, before this sale could take place, the debtor, this time proceeding pro-se, filed his fifth bankruptcy case with a petition for relief under Chapter 11.

Debtor has filed five bankruptcy petitions in less than three years; the first four of which were signed by both Roland W. Gariepy, as counsel for the debtor, and the debtor. The most recent petition was signed solely by the debtor.

Lincoln National Bank asks the court to impose sanctions upon the debtor and his counsel as a result of the third and fourth bankruptcy petitions. The bank contends that these petitions were signed and filed in violation of Bankruptcy Rule 9011. As sanctions, at a minimum, it seeks to recover the reasonable costs, expenses, and attorney fees it has incurred as a result of the two petitions in question. The evidence before the court indicates that these charges total $2,216.75, which the court finds to be reasonable.

While the provisions of Bankruptcy Rule 9011 are different from its counterpart, Rule 11 of the Federal Rules of Civil Procedure, for the purposes of this decision these differences are meaningless. In relevant part, the Rule provides

Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; *and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the*

*court* on motion or on its own initiative, *shall impose* on the person who signed it, the represented party, or both, *an appropriate sanction,* which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee. Bankruptcy Rule 9011 (emphasis added).

Because there is no substantive difference between Bankruptcy Rule 9011 and Rule 11 of the Federal Rules of Civil Procedure, the law which has developed under Rule 11 is equally applicable in interpreting and applying its Bankruptcy counterpart. *In re Mapson,* 93 B.R. 161, 168 (Bankr.C.D.Ill. 1988); *Matter of Pasko,* 97 B.R. 913, 916 (Bankr.N.D.Ill.1988). "The primary purpose of both rules is to deter unnecessary filings for the benefit of the judicial system." *Pasko,* 97 B.R. at 916.

■ Rule 11 has several interwoven themes in the conduct it condemns and the standards it imposes upon litigants and their counsel. *See Beeman v. Fiester,* 852 F.2d 206, 208–09 (7th Cir.1988); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1080 (7th Cir.1987). These obligations run not only to one's adversary, but to the legal system as well. *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 932 (7th Cir.1989). Whether or not they have been fulfilled "is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Boards of U.S.,* 830 F.2d 1429, 1435 (7th Cir.1987). *See also Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750, 752 (7th Cir.1988).

The first part of Rule 11 is the frivolousness clause. This requires counsel to make a reasonable inquiry into the law and the facts concerning its position. The failure to both is a violation of the Rule. *Brown,* 830 F.2d at 1435. The results of this inquiry must reveal that the position being taken by counsel is well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

■ The second part of Rule 11 is the improper purpose clause. This demands that the paper "may not be interposed for purposes of delay, harassment, or increasing the costs of litigation." *Brown,* 830 F.2d at 1436. Because this obligation is separate and distinct from the other duties imposed by Rule 11,

[a] paper "interposed for any improper purpose" is sanctionable whether or not it is supported by the facts and the law, and no matter how careful the pre-filing investigation. *Mars Steel,* 880 F.2d at 931–32.

This aspect of the Rule involves the signer's motivation or reasons for filing a particular document. *Beeman,* 852 F.2d at 208. Since Rule 11 is concerned with "inputs rather than outputs, conduct rather than result," *Mars Steel,* 880 F.2d at 932, the focus is on the purpose of the submission rather than its consequences. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 832 (9th Cir.1986). *See also Beeman,* 852 F.2d at 209. This too is measured by an objective standard. *Beeman,* 852 F.2d at 209; *Pasko,* 97 B.R. at 917. *See also, Fred A. Smith Lumber,* 845 F.2d at 752; *Brown,* 830 F.2d at 1436.

■ "It is now clear that the central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.,* — U.S. ——, 110 S.Ct. 2447, 2545, 110 L.Ed.2d 359 (1990). Since the Rule condemns the act of filing a sanctionable document, its violation is complete when the offending paper is filed. *Szabo Food Service,* 823 F.2d at 1077. Consequently, the subsequent dismissal of an action does not deprive the court of the authority or the responsibility to consider whether or not the conduct of a party or its counsel has been sanctionable. *Cooter & Gell,* 110 S.Ct. 2447, 2457.

Having considered the court's records in these proceedings, the evidence placed before it and the representations and arguments of counsel, the court finds that debtor's third and fourth petitions for relief were signed and filed in violation of Bankruptcy Rule 9011. They were interposed for an "improper purpose, such as to ha-

rass, to cause delay, or to increase the cost of litigation." As a result of this violation, the court is required to impose sanctions. An appropriate sanction is to require that the movant be reimbursed for the additional costs, expenses, and attorney fees which it has incurred as a result of the petitions filed in violation of Bankruptcy Rule 9011. Sanctions should be imposed jointly and severally upon both the debtor and his counsel.

Because of the automatic stay of § 362, a petition for relief under any Chapter under Title 11 will, as a matter of law, delay creditors in their attempts to collect amounts due them from a debtor or to enforce liens upon the debtor's property. Furthermore, it is not uncommon for a bankruptcy petition to be filed on the eve of foreclosure proceedings or sales, in an effort to halt those proceedings through the operation of the automatic stay. Despite the fact that delay is not only the natural consequence of a petition for bankruptcy relief but often the intended result, the mere fact that a petition is filed under these circumstances and for this purpose is not sanctionable under Rule 9011. *See Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584, 586 (3rd Cir.1985); *In re Walker*, 102 B.R. 612, 615 (Bankr.N.D.Ohio 1989); *Matter of King*, 83 B.R. 843, 847 (Bankr.M.D.Ga.1988). This does not mean, however, that a petition for relief under Title 11 can never be a sanctionable event.

Congress did not intend to allow debtors to file bankruptcy petitions for the sole or primary purpose of delaying the inevitable conclusion of a foreclosure. *In re Morgan*, 85 B.R. 622, 623 (Bankr.M.D.Fla.1987). To use bankruptcy and the automatic stay as means to manipulate the judicial process through needless delay is a fraud upon creditors and an abuse of the bankruptcy system. *In re Kinney*, 51 B.R. 840, 844–45. (Bankr.C.D.Cal.1985). While a debtor may properly file a bankruptcy petition to take advantage of the protection offered by the automatic stay, a petition which is filed solely to delay pending litigation or to frustrate an impending judicial sale is improper

and may be sanctioned. *Cinema Service Corp.*, 774 F.2d at 586.

When it initiates a case under Title 11, a debtor must have the intent to obtain the ultimate results for which bankruptcy was created, either relief from excessive debt through the Chapter 7 discharge or rehabilitation and the reorganization of its financial affairs through the filing and confirmation of a proposed plan. Consequently, where a debtor files a petition in bankruptcy with no intention of obtaining the benefits or the goals for which the proceeding was designed or with no intention of pursuing those proceedings to their natural conclusion, the Bankruptcy Code is being abused and Bankruptcy Rule 9011 is being violated. Sanctions should be imposed where the debtor's primary purpose is not truly to obtain bankruptcy relief but, instead, merely to delay a creditor through the abusive imposition of the automatic stay. *See Cinema Service Corp.*, 774 F.2d at 586; *Weiszhaar Farms, Inc. v. Livestock State Bank*, 113 B.R. 1017, 1020 (D.S.D.1990); *Walker*, 102 B.R. at 615; *King*, 83 B.R. at 847–48; *In re French Gardens, Ltd.*, 58 B.R. 959, 964 (Bankr.S.D.Tex.1986); *In re Whitten*, 11 B.R. 333, 338–40 (Bankr.D.C.1981).

Both of the petitions in question were filed the day before a scheduled sheriff's sale of the debtor's residence. Because of the automatic stay of § 362, the petitions prevented these sales from going forward. The evidence presented at the hearing on Lincoln Bank's motions for sanctions reveals that debtor had no intent or desire to obtain the benefits and goals for which the proceedings he initiated were designed or to pursue those proceedings to their natural conclusion. Instead, debtor filed the petitions with the sole purpose of stopping the sales in order to buy time. Debtor hoped that the additional delays would allow his financial ship to come in and permit him to pay the amounts due the Bank. He then intended to dismiss the proceedings. Mr. Jones had no thought of obtaining relief from the burden of his debts, through the Chapter 7 discharge, or rehabilitating his financial affairs, through

the proposal and confirmation of a Chapter 11 plan. His use of the automatic stay, for the sole purpose of delay in order to buy time, constitutes an abuse of the Bankruptcy Code for which sanctions should be imposed. *Walker*, 102 B.R. at 615; *French Gardens Ltd.*, 58 B.R. at 964; *Whitten*, 11 B.R. at 338–40.

Debtor's third petition, the petition for relief under Chapter 7, was filed the day before a scheduled foreclosure, solely to stop that sale in order to buy time. Having accomplished this delay through the automatic stay, debtor's purpose for filing bankruptcy was complete. He then experienced a dramatic change of heart and, rather than file the required bankruptcy statements and schedules, sought to dismiss the proceeding he had only recently begun. The filing of that case immediately prior to a foreclosure sale, coupled with the debtor's subsequent request for dismissal, is strong indicia that the petition for relief was filed with an improper purpose. *See Pasko*, 97 B.R. at 918.

In addition to the complete lack of any intent or desire to reorganize his financial affairs, debtor's fourth case, which was initiated with a petition under Chapter 11, suffers from further defects. That case was filed the day before yet another scheduled sale of the debtor's residence and just a few months after debtor had asked for the dismissal of his prior case for the reason that he did not wish to proceed. Because of opposition to the dismissal, the Chapter 7 had not yet been dismissed and no discharge had been entered.

The pendency of this Chapter 7 case eliminated any need for the debtor to file a separate petition under Chapter 11 in order to reorganize his financial affairs. Mr. Jones had an absolute right to convert the pending Chapter 7 to Chapter 11. 11 U.S.C. § 706(a). The only difference between converting the pending case and a new petition under Chapter 11 was the creation of the automatic stay. Consequently, by initiating a new case the debtor effectively frustrated the relief the court had granted Lincoln Bank, by its order of September 13, 1989, when it terminated the

stay. *See Weiszhaar Farms*, 113 B.R. 1017. He was able to do so without following the procedures or making the factual demonstrations necessary to "reimpose" the stay, by way of an injunction, once it has been properly terminated. *See In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 700–02 (3rd Cir.1989); *Home Life Ins. v. Abrams Square II, Ltd.*, 95 B.R. 51, 54 (D.N.D.Tex.1988); *Matter of Mac-Donald*, 100 B.R. 714, 724 (Bankr.D.Del. 1989); *Matter of Terramar Min. Corp.*, 70 B.R. 875, 877 (Bankr.M.D.Fla.1987); *In re Haukos Farms, Inc.*, 68 B.R. 428, 432 (Bankr.D.Minn.1986). Filing a second bankruptcy under these circumstances warrants the imposition of sanctions pursuant to Bankruptcy Rule 9011. *In re Martin*, 97 B.R. 1013, 1016–18 (Bankr.N.D.Ga.1989).

Debtor's fourth petition suffers from yet another defect. There is a decided difference of opinion over whether or not a debtor may *ever* simultaneously maintain two separate bankruptcy proceedings. *See In re Bodine*, 113 B.R. 134 (Bankr.W.D.N.Y.1990); *In re Kosenka*, 104 B.R. 40 (Bankr.N.D.Ind.1989). It is clear, however, that a debtor is not permitted to file a second bankruptcy case prior to the entry of discharge in an earlier proceeding. *Kosenka*, 104 B.R. 40. Debtor's fourth petition for relief was filed while his previous Chapter 7 case was still pending and before any discharge had been entered. This is not permitted and is yet a further indication that the filing was undertaken for an improper purpose.

Bankruptcy Rule 9011 requires the imposition of sanctions for its violation. Sanctions may be imposed upon either the attorney who signed the paper in question, the client, or both. As between attorney and client, the burden of any sanction is generally allocated according to their relative responsibility for the violation. *Borowski v. DePuy, Inc.*, 850 F.2d 297, 305 (7th Cir.1988); *Pasko*, 97 B.R. at 918. Where the violation is a result of counsel's own practices or failure to research the applicable law sanctions are often imposed entirely upon the attorney. *Borowski*, 850 F.2d at 305. If the violation is a result of

the client having mislead the attorney concerning the facts or the purpose of a proceeding the client may be required to bear the entire burden of the sanction. *Pasko,* 97 B.R. at 918. When, however, "an attorney and client share the responsibility for litigation strategy and such strategy violates Rule 11, courts can impose joint and several liability." *Pasko,* 97 B.R. at 918; *In re Chicago Midwest Donut, Inc.,* 82 B.R. 943, 950 (Bankr.N.D.Ill.1988).

In this instance, both the debtor and his counsel shared the responsibility for the strategy of delay which tainted debtor's third and fourth petitions for relief. Counsel was fully aware of debtor's desire and purpose for delay and willingly assisted Mr. Jones in achieving it. Under these circumstances, both the debtor, Mr. Jones, and his attorney, Mr. Gariepy, should bear the burden of sanctions.

Having concluded that Bankruptcy Rule 9011 has been violated, the court must determine the appropriate sanction. While sanctions are mandatory once a violation of the Rule has occurred, the nature and the amount of any sanction is committed to the court's discretion. Thus, "the court may impose a penalty as light as a censure and as heavy as is justified—a fine that may exceed the amount of fees incurred by the opposing party." *Frantz v. U.S. Power-lifting Federation,* 836 F.2d 1063, 1066 (7th Cir.1987). This does not mean that anything goes. "[D]iscretionery choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Id.* (Citations omitted). Thus, the court should strive to fashion "the least severe sanction [that is] adequate to serve the purpose...." *Brown,* 830 F.2d at 1437 (citations omitted). The court must do so, however, in the context of the purposes to be served by Rule 11. These purposes are both compensatory and deterrent.

"When lawyers yield to the temptation to file baseless pleadings to appease clients ... they must understand that their adversary's fees become a cost of *their* business." *In re TCI Ltd.,* 769 F.2d 441, 446 (7th Cir.1985) (emphasis original). The evidence presented indicates that Lincoln Bank has incurred reasonable costs, expenses, and attorney fees totaling $2,216.75 as a result of the improper imposition of the automatic stay caused by debtor's third and fourth bankruptcy petitions. Under the circumstances of this case, it is appropriate to require both the debtor and his counsel to reimburse Lincoln Bank for these expenses. This sanction is sufficient to accomplish both the compensatory and deterrent purposes of Rule 9011.

An appropriate order will be entered.