4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Walter Jesse LAWRENCE, Debtor.
Walter Jesse LAWRENCE, Appellant,
v.
UNITED STATES of America, et al., Appellees. (Two Cases)
 Nos. 92-2434, 92-2484, 92-2493, 92-2494, 92-2495, 92-2930,
92-2931, 92-2932, 92-2933, 92-2935, 92-3165,
92-3870 and 92-3871.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 14, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 These consolidated appeals arise from Walter Lawrence's two Chapter 7 bankruptcy petitions filed in the Northern District of Indiana.[1] He challenges the dismissal of both of his Chapter 7 petitions and argues that the sanctions imposed by the district court were excessive. We affirm the district court in all respects and, under Seventh Circuit Rule 38, impose an injunction limiting Lawrence's right to file future cases in this circuit regarding issues already decided on their merits.
 
 I.
 
 2
 In 1989 Walter Lawrence filed for bankruptcy under Chapter 13 of the Bankruptcy Code in the Western District of Michigan.[2] The bankruptcy court later dismissed his petition. Lawrence appealed that decision, but also filed a Chapter 7 petition in the same bankruptcy court while that appeal was pending. The bankruptcy court consolidated the Chapter 7 case with the appealed Chapter 13 case since both involved the same parties and debts. Undaunted, Lawrence filed another Chapter 7 petition the very same day. The bankruptcy court found that filing to be "serial and abusive" and dismissed it, also enjoining Lawrence from filing any further bankruptcy cases until his pending appeals were completed.
 
 
 3
 While the Michigan bankruptcy petitions were still on appeal, Lawrence travelled south and filed a Chapter 7 petition in the Northern District of Indiana. The bankruptcy court dismissed on the ground that a debtor could not maintain simultaneous petitions to discharge the same debts, as Lawrence was trying to do. It also said that the petition was void because it violated the Michigan district court's injunction. The district court affirmed and, after giving him an opportunity to defend himself, sanctioned Lawrence $300 for his frivolous arguments concerning the bankruptcy court's decision.
 
 
 4
 Lawrence then filed a second Chapter 7 petition in the Northern District of Indiana, still seeking to discharge the same debts. The bankruptcy court dismissed the petition for the same reasons as before and the district court affirmed with sanctions.
 
 II.
 
 5
 The first issue on appeal is whether the bankruptcy court was correct in finding that a debtor may not maintain simultaneous petitions to discharge the same debts. It was; the law on this point is well established. Freshman v. Atkins, 269 U.S. 121 (1925); In re Standfield, 152 B.R. 528 (Bankr.N.D.Ill.1993); In re Valparaiso Motel Corp., 125 B.R. 228, 229 (Bankr.N.D.Ind.1990); In re Jones, 117 B.R. 415 (Bankr.N.D.Ind.1990); In re Martin, 97 B.R. 1013, 1016-17 (Bankr.N.D.Ga.1989); In re Smith, 85 B.R. 872, 873-74 (Bankr.W.D.Okla.1988). Lawrence contends that the bankruptcy court relied exclusively on the Michigan court's injunction, which in his opinion was invalid, and so its decision was incorrect. He is wrong. The bankruptcy court did mention the injunction when dismissing each of Lawrence's petitions, but only as one alternative basis for its dismissals. Thus his arguments as to the validity of the Michigan injunction are irrelevant, and we need not address them.
 
 
 6
 Lawrence next challenges the sanctions imposed by the district court under Federal Rule of Civil Procedure 11. Judge Miller, who affirmed the first dismissal, imposed monetary sanctions, while Chief Judge Sharp, who affirmed the second dismissal, imposed a monetary sanction and enjoined Lawrence from filing further bankruptcy petitions without the leave of the court.
 
 
 7
 Lawrence claims that the district court in the first case lacked jurisdiction to enter sanctions because he had already appealed its decision on the merits before the sanction was ordered. But whether to impose a sanction and what it should be are collateral issues, and may be determined even after the principal suit is terminated. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396-97 (1990). Thus the district court had jurisdiction.
 
 
 8
 Lawrence also alleges that the district court never entered a final sanctions order on a separate document as required by Fed.R.Civ.P. 58. It is clear, however, that in both cases the court intended its order to be final and believed that there was nothing left to decide. Further, the orders specify the amount of the sanction, who is to pay and receive the money, and are recorded on the district courts' docket sheets. This is sufficient to make them final, appealable judgments. TMF Tool Co. v. Myers, 913 F.2d 1185, 1188-89 (7th Cir.1990).
 
 
 9
 The next question is whether the sanctions were justified. In his appeals to the district court Lawrence twice overlooked the main basis of the bankruptcy court's decisions--debtors cannot maintain simultaneous petitions for the same debts. He made no attempt to refute or modify this legal principle, instead focusing on the validity of the Michigan court's injunction. Sanctions are appropriate where a party simply restates arguments that a lower court has properly rejected, especially when the party makes no effort to establish the lower court was wrong. A-Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399, 1406 (7th Cir.1992). It was bad enough to do that once, but he did the exact same thing when appealing his second petition, despite the earlier sanctions. His other arguments concerning the taxability of wages and the right to a jury trial in bankruptcy were equally unsupported and sanctionable. See In the Matter of Grabill Corp., 967 F.2d 1152 (7th Cir.1992). And as to the district court's failure to consider Lawrence's ability to pay the sanctions, we have held that a court need not look to that factor when imposing small sanctions for the sake of deterrence, and the sanctions here totalled just over $1000. Brown v. Federation of State Medical Boards, 830 F.2d 1429, 1439 (7th Cir.1987).
 
 
 10
 Lawrence's other challenges to the bankruptcy proceedings are all either frivolous or irrelevant and do not merit discussion.
 
 III.
 
 11
 In appeal number 92-3165, which is consolidated with the others because it arose from the underlying bankruptcy proceedings, Lawrence appeals from the district court's denial of his request for information from the IRS under the Freedom of Information Act. (He owes a great deal to the IRS, and those debts are involved in his bankruptcy.) The district court found that the IRS had produced all of the requested documents and that the case was therefore moot. That factual finding was not erroneous, and so we affirm the district court's decision that this issue is moot.[3]
 
 IV.
 
 12
 The final issue is appellate sanctions. The appellees contend that such sanctions are justified in this case under Fed.R.App.P. 38, and ask that instead of a monetary sanction we enjoin Lawrence from filing any further appeals without leave of the court, at least until he has paid any outstanding sanctions and his Michigan bankruptcy case is completed. Circuit Rule 38 requires the court to notify a party that it is contemplating sanctions and give an opportunity to respond before imposing them. In this case such notice is unnecessary because the appellees argued for sanctions in their brief, and Lawrence could have given his side of the story in his reply brief. Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (7th Cir.1992).
 
 
 13
 This is certainly an appropriate case for sanctions. Lawrence challenged the bankruptcy court's decisions in this court with the same arguments found sanctionable by the district court, and the result of this appeal was obvious given the frivolousness of those arguments. He has also wasted valuable court time, in this circuit and elsewhere, with his duplicative petitions and repetitive claims. We believe, therefore, that sanctions against Lawrence are necessary to protect the judicial system's limited resources and insure that they are being used efficiently. An effective means to that end is to place reasonable pre-filing requirements on Lawrence that will enable courts to screen future cases to see that they are not duplicative or frivolous. See In re Davis, 878 F.2d 211, 212 (7th Cir.1989). To that end we enter the following injunction:
 
 
 14
 IT IS HEREBY ORDERED that Walter J. Lawrence is prohibited from filing any petition for bankruptcy, or any civil action arising out of bankruptcy petitions that have already been filed, or any appeal to this court arising from such actions, without first obtaining leave of the appropriate court. In seeking leave of the court, Mr. Lawrence must certify that the claims he wishes to present have not been raised and disposed of on the merits in any federal court and that the claims are not frivolous. Failure to certify the claims or a false certification may result in Mr. Lawrence being found in contempt of court. Furthermore, any action filed by Mr. Lawrence in any court of this circuit must be accompanied by a copy of this injunction and a list of all previous cases filed in the same, similar, or related actions.
 
 
 15
 AFFIRMED, with SANCTIONS.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Lawrence filed only two bankruptcy petitions, yet there are thirteen separate appeals consolidated in this one case. That is because Lawrence filed a separate notice of appeal against several different creditors, rather than filing one notice of appeal and naming all the creditors there. Consequently there are only a few issues to examine here, despite the large number of appeals
 
 
 [2]
 In 1985 Lawrence filed for bankruptcy under Chapter 13 in Texas. The petition was dismissed for failure to propose a confirmable plan
 
 
 [3]
 The appellees argue that Lawrence failed to exhaust his administrative remedies. Exhaustion, however, is not jurisdictional in FOIA cases, so we reach the merits now rather than requiring exhaustion which would ultimately be futile. Oglesby v. United States Dept. of the Army, 920 F.2d 57, 61 (D.C.Cir.1990)