In re John Jay DAVIS, Donna Sue Davis, Debtors.

John Jay DAVIS and Donna Sue Davis, Plaintiffs

v.

AVCO FINANCE, Sweeney, Dabagia, Donoghue & Thorne, and William Janes, Defendants.

Bankruptcy No. 92–32303.
Adv. No. 93–3009.

United States Bankruptcy Court,
N.D. Indiana,
South Bend Division.

Sept. 21, 1993.

Lynn G. Chase, South Bend, IN, for debtors.

Joseph Spillane, Krisor & Nussbaum, South Bend, IN, for Avco Finance.

Don G. Blackmond, Doran, Blackmond, Ready, Hamilton & Williams, South Bend, IN, for Sweeney, Dabagia, Donoghue & Thorne, and William Janes.

Alex Edgar, South Bend, IN, Asst. U.S. Trustee.

Joseph D. Bradley, South Bend, IN, trustee.

## DECISION and ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

John Jay Davis and Donna Sue Davis ("Debtors" herein) filed an amended complaint for damages on April 20, 1993. Thereafter, on May 11, 1993, defendant Avco Financial Services of Indianapolis, Inc. ("Avco") filed a MOTION TO DISMISS AND FOR SANCTIONS, and on June 1, 1993, defendants Sweeney, Dabagia, Donoghue & Thorne and William Janes filed a MOTION TO DISMISS also asking for sanctions. A hearing on the motions to dismiss was held July 26, 1993, and, the time for filing briefs having passed, the matter was taken under advisement on August 20, 1993.

### Jurisdiction

This decision and order shall represent findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7052. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1).

### Background

Debtors filed for relief under Chapter 7 of the Bankruptcy Code on September 1, 1992. Debtors did not list as an asset a cause of action against defendants. The trustee filed his no asset report on September 30, 1992, and the case was closed on May 21, 1993. On January 29, 1993, prior to the time the case was closed, Debtors initiated this adversary proceeding by filing a complaint against Avco; Sweeney, Dabagia, Donoghue & Thorne (the "Firm"); and attorney William Janes ("Janes"). The Debtors filed an amended complaint on April 20, 1993. Count I of the amended complaint alleges that defendants violated 15 U.S.C. § 1692i(a)(2)(A) [Fair Debt Collection Practices Act, herein "FDCPA"], and Count II alleges abuse of legal process.

As previously noted, the bankruptcy case was closed on May 21, 1993, although this adversary proceeding was pending. On June 21, 1993, Debtors filed a motion to reopen the bankruptcy case and reconvene the § 341 creditors' meeting, which was granted on July 26, 1993. On August 12, 1993, Debtors filed a motion to amend their schedules which was granted on August 16, 1993. Debtors filed an amended Schedule B—Personal Property, showing their interest in causes of action against defendants.

Each of the defendants argues that since the cause of action is property of the estate, Debtors do not have standing to bring this suit. Defendants ask that the complaint be dismissed and sanctions be imposed upon Debtors' counsel.

### Discussion

The issues presented by defendants' motions are whether the cause of action is property of the estate, and if so, whether the Chapter 7 Debtors have standing to prosecute the cause of action. The court finds that this alleged cause of action is property of the estate and that Debtors do not have standing to pursue the same.

■ The cause of action against defendants arose from an alleged pre-petition violation of the FDCPA. Property of the estate encompasses "all legal and equitable interests of the debtor in property as of the commencement of the case", 11 U.S.C. § 541(a)(1) (Callaghan 1992–93), which includes causes of action. *In re Ozark Restaurant Equipment Co.*, 816 F.2d 1222, 1225 (8th Cir.), *cert. denied*, 484 U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987). *See Matter of Smith*, 640 F.2d 888 (7th Cir. 1981). It is a debtor's duty to file a schedule of assets existing at the time the petition for relief is filed. 11 U.S.C. § 521(1). Even though Debtors failed to list the cause of action as an asset, it nevertheless became property of the estate pursuant to § 541(a)(1).

After notice and a hearing, property may be abandoned from the estate by the trustee or upon request of a party in interest.

11 U.S.C. §§ 554(a) and (b). However, in this case the Debtors' cause of action was never abandoned from the estate under either §§ 554(a) or (b).

■ Any scheduled property not administered at the time of the closing of the case is abandoned to the debtor and deemed administered. 11 U.S.C. § 554(c). This section explicitly provides that it applies only to property that has been scheduled, and it is not enough that the trustee learns of property through other means. *Vreugdenhill v. Navistar Intern. Transp. Corp.*, 950 F.2d 524 (8th Cir.1991). Since Debtors' cause of action was not scheduled, § 554(c) is not applicable and the cause of action was not deemed administered and abandoned.

■ Property of the estate that has not been expressly abandoned or administered by the trustee at the time the case is closed remains property of the estate. 11 U.S.C. § 554(d). *Stanley v. Sherwin–Williams Co.*, 156 B.R. 25, 26 (W.D.Va.1993); *Pace v. Battley* (*In re Pace*), 146 B.R. 562, 566 (9th Cir. BAP 1992). Consequently, the cause of action was initially property of the estate, and remained property of the estate even though the case was closed.

■■ Section 323 of Title 11 provides:
(a) The trustee in a case under this title is the representative of the estate.
(b) The trustee in a case under this title has capacity to sue and be sued.

11 U.S.C. § 323 (Callaghan 1992–93). As the representative of the estate the trustee is the real party in interest in regard to the cause of action. Federal Rule of Civil Procedure 17, made applicable by Federal Rule of Bankruptcy Procedure 7017, requires that "(e)very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a) (West 1993). Therefore, it is the trustee, and not the Debtors, who has standing to prosecute the cause of action.

■ Federal Rule of Civil Procedure 17(a) further provides:
No action shall be dismissed on the ground that it is not prosecuted in the

name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Fed.R.Civ.P. 17(a) (West 1993). Debtors' counsel was advised of the procedural error at pre-trial conference held March 31, 1993. Debtors, having asked at the pre-trial conference for leave to file an amended complaint to correct the situation, were given 15 days to do so. Although an amended complaint was filed, the Debtors remained the sole plaintiffs. The Debtors have been given sufficient time to correct the procedural error, but have failed to do so. The court notes that on July 23, 1993, Debtors did file a document entitled "Trustee's Consent to Allow Debtors to Continue to Prosecute Adversary Proceeding" which was signed by Joseph D. Bradley, who had been the trustee in Debtors' bankruptcy case. However, since the bankruptcy case was closed and Joseph D. Bradley had been relieved of his duties as trustee, the document was not an effective ratification of Debtors' commencement of the adversary action.[1] Accordingly, the motion to dismiss filed by Janes and the Firm, and the motion to dismiss filed by Avco are granted and Debtors' amended complaint is hereby dismissed.

The bankruptcy case has been reopened, and Joseph D. Bradley has been reappointed as trustee. The trustee will review the Debtors' amended complaint, and take all further action that is appropriate.

### *Sanctions*

█ In their respective motions to dismiss, defendants have asked that sanctions be imposed against Debtors' attorney pursuant to Federal Rule of Civil Procedure 11.[2] Rule 11 states in pertinent part:

Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney, ... shall be signed by at least one attorney of record in the attorney's individual name,.... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; .... If a document is signed in violation of this rule, the court on motion or on its own initiative, *shall* impose on the person who signed it, the represented party, or both, an appropriate sanction, which *may* include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Fed.R.Civ.P. 11 (West 1993) (emphasis added). The court must first determine whether Rule 11 has been violated. If a violation exists, sanctions are mandatory. *Matter of Jones,* 117 B.R. 415, 422 (Bankr.N.D.Ind. 1990). However, the nature and amount of any sanction is within the court's discretion. *Id.* "(T)he court may impose a penalty as light as a censure and as heavy as is justified—a fine that may exceed the amount of fees incurred by the opposing part[ies]." *Id.* (quoting *Frantz v. U.S. Powerlifting Federation,* 836 F.2d 1063, 1066 (7th Cir.1987)).

█ In this case Debtors' counsel failed to list this cause of action on Debtors' schedules, which would have avoided the present situation by alerting the trustee to this asset of the estate. Counsel for Debtors then filed a complaint even though Debtors clearly lacked standing to bring the suit. Although Debtors' lack of standing was pointed out to counsel at the pre-trial conference and an amended complaint was filed, the trustee was not substituted as the proper plaintiff. Consequently, the

---

1. At the time of the pre-trial conference in March 1993, the bankruptcy case was open. Joseph D. Bradley, the trustee, had he so desired, could have been substituted as the real party in interest.

2. Federal Rule of Civil Procedure 11 is applicable to this proceeding pursuant to Federal Rules of Bankruptcy Procedure 9011.

court finds that the complaint and amended complaint were signed without a reasonable inquiry into the law, which constitutes a violation of Rule 11.

Having found that Rule 11 has been violated, sanctions are mandatory. The court will determine the nature and amount of the sanctions after hearing evidence on that issue.

It is SO ORDERED.

### JUDGMENT

In accordance with the decision and order entered this date the MOTION TO DISMISS filed by Sweeney, Dabagia, Donoghue & Thorne and William Janes, and the MOTION TO DISMISS AND FOR SANCTIONS filed by Avco Financial Services of Indianapolis, Inc. are GRANTED. The Amended Complaint filed by John Jay Davis and Donna Sue Davis is hereby DISMISSED. It is

SO ADJUDGED.