Frank SANCHEZ, Appellant–Defendant,

v.

Mary K. THANOS, Appellee–Plaintiff.

No. 45A03–0208–CV–282.

Court of Appeals of Indiana.

Jan. 13, 2003.

Tony Walker, Highland, IN, Attorney for Appellant.

Mary Kay Thanos, Dyer, IN, Attorney for Appellee.

**OPINION**

BAKER, Judge.

Appellant-defendant Frank Sanchez appeals the denial of his motion to correct error with respect to the cause of action brought against him by his former legal counsel, appellee-plaintiff Mary K. Thanos, for the recovery of attorney's fees. Specifically, Sanchez claims that the trial court abused its discretion because it had no subject matter jurisdiction to hear this case after his petition for bankruptcy was filed. Concluding that the trial court erred in denying Sanchez's motion to correct error, we reverse.

*FACTS*

The facts most favorable to the judgment are that Thanos represented Sanchez in his 1999 divorce action. However, Thanos had to sue Sanchez to recover her fee of $736. A body attachment was issued for Sanchez by the trial court on May 4, 2001, after he failed to appear at a scheduled hearing. On September 14, 2001, Sanchez was arrested and posted a cash bond of $975. The trial court set the

matter for a final hearing to be held on October 17, 2001, but on October 16, 2001, Sanchez filed a bankruptcy petition in the Northern District of Indiana United States Bankruptcy Court. After receiving an order on October 16, 2001, from the Bankruptcy Court, the trial court stayed the proceedings. On January 22, 2002, the Bankruptcy Court discharged Sanchez's debts under Chapter 7 of the Bankruptcy Code.

The bankruptcy petition included the dispute with Thanos over the fees that were allegedly owed and listed her as an unsecured creditor. Appellant's App. p. 13. However, the petition did not list the cash bond of $975 as an asset. After the Bankruptcy Court discharged his debts, Sanchez filed a motion to dismiss in the trial court on June 17, 2002, on account of the discharge order. The trial court denied the dismissal and released the cash bond to Thanos on July 2, 2002, in satisfaction of the legal fees allegedly owed to Thanos. In its order denying Sanchez's motion, the trial court stated that "the Plaintiff is not listed in the bankruptcy." Appellant's App. p. 6.

■ On July 18, 2002, Sanchez filed a motion to correct error, noting that Thanos was listed as a creditor in Sanchez's bankruptcy petition. The trial court denied the motion to correct error, on July 31, 2002, stating that:

> The Court did incorrectly state in its order of 7–2–02 that the Plaintiff was not listed in the Defendant's Bankruptcy. However, the Court is correct in noting the Defendant's Bankruptcy does not list the bond posted for this case as

an asset in his Bankruptcy. Therefore, the Bankruptcy Court in granting discharge did not know about the bond that the Defendant posted.

Sanchez now appeals.[1]

### DISCUSSION AND DECISION

■ In addressing the issue that Sanchez has placed before us today, we note that a discharge in bankruptcy " 'operates as an injunction against the commencement or continuation of an action … to collect, recover or offset any such debt as a personal liability of the debtor.' " *In re Gladys E. Shondel,* 950 F.2d 1301, 1306 (7th Cir.1991) (omission in original) (quoting 11 U.S.C. § 524). Additionally, after a petition for bankruptcy is filed, a bankruptcy court has "exclusive jurisdiction of *all of the property, wherever located,* of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e) (emphasis added). Furthermore, a bankrupt's property that has not been administered or expressly abandoned by the bankruptcy trustee at the time the case is closed remains within the bankruptcy estate, subject to the trustee holding title as representative of the estate. *Davis v. Avco Finance,* 158 B.R. 1000 (Bankr.N.D.Ind.1993). Thus, only the Bankruptcy Court has jurisdiction to adjudicate adverse claims with respect to a bankrupt's assets left in the estate after the estate is closed. *In re Rubin,* 378 F.2d 104, 109 (3d Cir.1967).

■ After discharge, a bankruptcy "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for

---

1. We note that Sanchez's brief failed to substantially comply with Indiana Rules of Appellate Procedure 46(A)(5), (A)(8)(b), and (A)(10) in that it omitted a statement of the course of proceedings, the standard of review on appeal, and the written opinion of the trial court, respectively. Notwithstanding this, we address the merits of his case because Sanchez's brief provides sufficient argument for us to decide whether the trial court erred in its decision.

other cause." 11 U.S.C. § 350(b). A creditor who would be benefited by the re-opening of the case may bring the petition for re-opening. *Miller v. Shallowford Community Hosp., Inc.*, 767 F.2d 1556, 1559 (11th Cir.1985).

Upon filing of Sanchez's petition for bankruptcy, the Bankruptcy Court obtained jurisdiction over his property, including the power to settle claims over disputed assets. *See Rubin*, 378 F.2d at 109. By federal statute, the Bankruptcy Court had "exclusive jurisdiction" over his property. 28 U.S.C. § 1334(e). Because the Bankruptcy Court had "exclusive jurisdiction" over all of Sanchez's property upon the filing of the bankruptcy petition, the Lake Superior Court lost subject matter jurisdiction over the cash bond.

Sanchez's petition recognized that Thanos was an unsecured creditor to whom he owed a legal fee. Appellant's Br. p. 13. If Thanos, a creditor, will be benefited by the re-opening of Sanchez's case, her proper recourse is to petition the Northern District of Indiana United States Bankruptcy Court to re-open Sanchez's case. *See Miller*, 767 F.2d at 1559. In short, the trial court lacked subject matter jurisdiction to award the cash bond to Thanos and erred in denying Sanchez's motion to correct error.

Judgment reversed.

RILEY, J., and MATHIAS, J., concur.