**In re Arnold J. WEBRE, Jr., aka Arnold James Gemmer, Debtor.**

**Marjorie Lynn WALTERS and John H. Holloway, Appellants,**

**v.**

**Arnold J. WEBRE, Jr., and Harry W. Heid, Trustee, Appellees.**

**BAP No. SC 87–1929–AsMoV.**

**Bankruptcy No. 85–3550–ML13.**

**Adv. No. C87–0229–LM13.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted March 17, 1988.

Decided June 30, 1988.

---

John L. Smaha, San Diego, Cal., John H. Holloway, Houston, Tex., for appellants.

Michael H. Dodge, San Diego, Cal., for appellees.

Before ASHLAND, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge.

Marjorie Lynn Walters and John H. Holloway appeal from the bankruptcy court's order dismissing their adversary proceeding and imposing sanctions against them in the amount of $2,961.78. We affirm.

## FACTS

Prior to bankruptcy, in May of 1980, Marjorie Lynn Walters received a state court judgment for $29,614.91 against the debtor Arnold J. Webre for assault and battery. On July 31, 1985 the debtor filed a Chapter 13 petition. In his plan Webre sought to bifurcate the debt to Walters into a nondischargeable claim for $15,000, representing the punitive damages portion of the award, and payment of ten percent of the unsecured debt in the amount of $34,663, representing the remainder of the state court judgment plus interest since 1980.

On August 7, 1985 the trustee objected to the plan on several grounds. The plan was modified on September 20, 1985; it no longer distinguished between the $15,000 punitive damages and other unsecured debts and it increased the percentage payout to unsecured creditors to 21 percent. On October 15, 1985 the plan was confirmed.

On the same day Walters filed a complaint to determine dischargeability of debt. The debtor answered and Walters filed an amended complaint. On July 14, 1986 the debtor filed a motion for summary judgment on the ground that, as a matter of law, Walters' claim was not excepted from discharge pursuant to 11 U.S.C. § 1328. Prior to the hearing on the summary judgment motion, Walters filed a cross motion for summary judgment and a motion to reopen the Chapter 13 confirmation hearing. However, these pleadings

were not timely filed and were stricken from the record without prejudice.

A hearing on the summary judgment motion was held on August 5, 1986 and the court entered its order on August 29, 1986. The court found that Walters was given proper notice of the October 15, 1985 confirmation proceeding and should have filed any objection at that time. Nevertheless, the court found the objection to confirmation of the plan contained no argument which would have caused the court not to confirm the plan. It further found that the Chapter 13 plan was binding on all creditors and that all issues raised in the complaint were resolved by the confirmation. Therefore, the complaint failed to state a cause of action upon which relief could be granted. The debtor's motion for summary judgment was granted, and Walters' adversary proceeding was dismissed. Walters appealed that order and this court affirmed.

On October 21, 1986 the debtor filed a motion to modify his plan and authorize early payments and an early discharge. The motion was approved by the court over the objection of Walters. Walters objected to the order lodged by the debtor and the debtor responded. However, the order was allowed to stand.

On March 26, 1987 Walters brought a complaint to dismiss or convert the Chapter 13 case to a Chapter 7 and to determine dischargeability of Walters' state court judgment debt. At this time John H. Holloway, Walters' father, sought intervention as a pro se party to the action based upon a ten percent undivided interest in Walters' claim in the Webre bankruptcy. On April 24, 1987 the debtor filed a motion to dismiss the adversary proceeding and award sanctions. Neither Walters nor Holloway responded to this motion. However, Holloway appeared at the hearing on the motion on June 25, 1987.

On September 2, 1987 the bankruptcy court entered its order granting the motion to dismiss the complaint and awarding sanctions. The court found that Holloway was a party to the adversary proceeding but because neither filed any opposition papers Walters and Holloway waived their right to present oral argument in opposition to the debtor's motions. The court further found that Walters' complaint fails to state a cause of action, was "utterly frivolous," and was brought for the purpose of harassing the debtor. The court awarded sanctions in the amount of $2,961.78 against both Holloway and Walters.

Walters and Holloway appealed this order. Since this appeal was taken an order discharging the debtor has been entered.

## ISSUES

Although Walters and Holloway list several pages of issues for this court to consider, the only issues of merit are as follows:

Whether the court erred in finding that Walters and Holloway waived their right to argue at the hearing by failing to file written opposition to the debtor's motion.

Whether the bankruptcy court erred in imposing sanctions for a frivolous complaint against Walters and Holloway and whether the court abused its discretion in awarding sanctions in the amount of $2,961.78.

## DISCUSSION

Dismissal for failure to state a claim is a question of law subject to de novo review. *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir.1987). Whether the imposition of sanctions is proper is also a legal question reviewed de novo. *In re Walter*, 83 B.R. 14, 17 (9th Cir. BAP 1988), *citing, Golden Eagle Dist. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir.1986). However, in determining assessment of a sanction the court has wide discretion and, as such, the award of the sanction is reviewed for an abuse of discretion. *Walter*, 83 B.R. at 17.

The bankruptcy court found that Walters and Holloway waived their right to argue against the motion to dismiss the adversary proceeding and impose sanctions by failing to file a response to the motions. The court based its finding on Local Rule 9013–5(a). This rule states that "unless an

objection to a motion is timely filed, following notice ..., or unless the court directs otherwise, a non-contested motion will be decided on the moving papers without a hearing as provided in District Court Local Rule 220–8(4)." The appropriate district court rule states that if an opposing party fails to properly file its opposition, "his failure may constitute a consent to the granting of a motion."

As long as a local rule is not inconsistent with any federal law or the Federal Rules of Civil Procedure it may be applied. *Miranda v. Southern Pacific Transp. Co.*, 710 F.2d 516, 521 (9th Cir.1983). The bankruptcy court acted, therefore, within its discretion to deem oral argument waived based upon the failure of Walters and Holloway to file responsive pleadings.

█ The next question is whether the bankruptcy court erred in imposing sanctions against Walters and Holloway. A bankruptcy court must impose sanctions when it finds a violation of Bankruptcy Rule 9011. *In re Lewis*, 79 B.R. 893, 896 (9th Cir. BAP 1987); Fed.R.Civ.P. 11.

The test to determine the appropriateness of sanctions under Fed.R.Civ.P. 11 can be applied to Bankruptcy Rule 9011. *See Lewis*, 79 B.R. at 895 n. 2. This test has been stated as:

(1) after a reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading [or other paper] is well grounded in fact and is warranted by existing law or if (2) a pleading [or other paper] has been interposed for any improper purpose.

*Golden Eagle*, 801 F.2d at 1537, *quoting, Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985).

We agree with the bankruptcy court that the complaint filed by Walters, to which her father intervened, was frivolous. The majority of the complaint focuses on objections to the confirmation of the plan. However, the debtor's plan was confirmed on October 15, 1985, the confirmation was not timely objected to by Walters, nor was an appeal taken from the confirmation. Walters' objections to confirmation via the complaint filed on March 26, 1987 are untimely

and frivolous. Walters, at that point, could have requested that the plan be modified, pursuant to 11 U.S.C. § 1329(a), if Walters had a good reason to do so, but no such reasons are set forth in the complaint.

A portion of the complaint asserts arguments which were made and ruled upon by the bankruptcy court pursuant to Walters' complaint to determine nondischargeability of debt. Walters had filed the complaint on October 15, 1985, the court made its ruling on August 29, 1986 and Walters appealed this order. "Without question, successive complaints based upon the same proposition of law previously rejected may constitute harassment under Rule 11." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986).

Incorporated into the complaint is a motion to dismiss the case or convert it to a Chapter 7. However, the complaint lists no grounds to convert or dismiss as set out in 11 U.S.C. § 1307.

The complaint requests the court to revoke its discharge pursuant to 11 U.S.C. § 1328(e). However, at that time the bankruptcy court had not discharged the debtor. Therefore, the relief sought could not have been granted.

█ The complaint asserts that discharge of a judgment for willful and malicious injury in a Chapter 13 is unconstitutional because it violates the due process and equal protection clause, as guaranteed by the Fifth Amendment, and it is a taking of property for public use, without just compensation. The Fourteenth Amendment is applicable to the federal government through the Fifth Amendment. *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). The critical question in all equal protection cases is whether the statute under attack operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution thereby requiring strict scrutiny. *Hoffman v. U.S.*, 767 F.2d 1431 (9th Cir. 1985). This is equally true for a due process challenge to governmental actions. *Chesapeake Bay Village, Inc. v. Costle*,

502 F.Supp. 213 (D.Md.1980); *In re Consolidated U.S. Atmospheric Testing Litigation*, 820 F.2d 982 (9th Cir.1987).

A suspect classification is one based upon race, alienage, national origin, sex, etc. *Hoffman*, 767 F.2d at 1434; *Olgues v. Russoniello*, 770 F.2d 791 (9th Cir.1985). A Chapter 13 creditor with a judgment for willful and malicious injury is not a suspect classification. A fundamental right is one based expressly on the terms of the Constitution or necessarily implied therefrom, for example, privacy, marriage, voting, travel, and freedom of association. *Hoffman*, 767 F.2d at 1434-5. The right to be paid in full on a judgment obtained for willful and malicious injury is not a fundamental right. Therefore, discharge of walters' debt is not unconstitutional if there is any rational basis for finding debts for willful and malicious injury dischargeable under Chapter 13 of Title 11. *Bunyan v. Camacho*, 770 F.2d 773 (9th Cir.1985) (absent suspect classification or infringement of fundamental rights, statute will withstand equal protection challenge if, statute bears any rational relation to legitimate governmental purpose); *Lupert v. California State Bar*, 761 F.2d 1325 (9th Cir.1985), *appeal dismissed*, 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985). One justification for allowing a Chapter 13 debtor to discharge a debt for willful and malicious injury is that this provides an incentive to a debtor to propose a Chapter 13 plan and use his earnings over a three year period to pay back his creditors instead of filing a Chapter 7 petition, liquidating his assets, and paying creditors from the proceeds. *In re Rimgale*, 669 F.2d 426, 428 (7th Cir.1982).

The complaint further asserts that 11 U.S.C. § 1328(a) contains a clerical error; namely the omission of willful and malicious acts among those debts considered nondischargeable. The legislative history of this section shows that the Senate considered making a debt for willful and malicious injury nondischargeable. S.Rep. No. 95–989, 95th Cong., 2d Sess. 142–43 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5928, 5929. However, the language in § 1328(a) reflects the House report which considered a debt for willful and malicious injury dischargeable in a Chapter 13 after the debtor completes all payments under his plan. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 430–31 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6385–6387. It appears, therefore, that Congress considered the idea of making such debts nondischargeable and intentionally declined to do so.

Lastly, the complaint seeks a determination on the issue of dischargeability of debt or, in the alternative, a motion for reconsideration of the dischargeability issue. As discussed, the court had already ruled on Walters' complaint to determine dischargeability and an appeal of that decision was pending at the time the complaint was filed.

For the foregoing reasons it is clear that an award of sanctions was appropriate. Even if viewed in a light most favorable to Walters and Holloway, the complaint presented no legitimate legal questions and was, therefore, frivolous. *Gonzales v. Parks*, 830 F.2d 1033, 1037 (9th Cir.1987).

We further find that the court did not abuse its discretion in awarding $2,961.78 in sanctions. This amount represents attorney's fees incurred in defending Walters' frivolous complaint. The debtor's attorney submitted a declaration to the court setting forth in detail the work done, the time it took, and the rate per hour charged. This rate, $85 per hour, was asserted to be and appears below the market value hourly rate.

We, therefore, affirm the bankruptcy court.

This court has the power to grant attorney's fees and expenses reasonably incurred in defending against an unreasonable or frivolous appeal pursuant to Federal Rules of Appellate Procedure 38. *In re Omoto*, 85 B.R. 98 (9th Cir. BAP 1988); *In re Akros Installations, Inc.*, 834 F.2d 1526 (9th Cir.1987). Pursuant to separate order this panel requests counsel for debtor to submit a tabulation and calculation of fees and costs incurred in defending this appeal.