**In re BELL & BECKWITH, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**Roscoe R. BETZ, Jr., et al., Defendants.**

**Bankruptcy No. 85–0024.**
**Related No. 83–0132.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

March 23, 1992.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Randy L. Reeves, Lima, Ohio, for Louis Haubner, Jr.

Frank J.P. McManus, Toledo, Ohio, for Edward P. Wolfram, Jr.

Theodore H. Focht, Washington, D.C., for SIPC.

David M. Schnorf, Toledo, Ohio, for Thomas L. McGhee.

David W. Wicklund, Toledo, Ohio, for George M. Todd.

Bruce S. Schoenberger, Toledo, Ohio, for The Toledo Trust Co.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Renewed Motion for Summary Judgment against Louis Haubner, Jr. The Defendant has filed a Response to the Trustee's Renewed Motion, in addition to a Motion for Summary Judgment. The Trustee has filed a Memorandum in opposition to the Defendant's Motion for Summary Judgment. The Securities Investor Protection Corporation has also filed a Memorandum in Support of the Trustee's Motion and a Motion for Sanctions against counsel for the Defendant. The Court has reviewed the written arguments of counsel and the relevant case and statutory law, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Renewed Motion for Summary Judgment Against Louis Haubner, Jr. should be granted. The Court further finds that the Plaintiff's Motion for Sanctions should be granted.

## FACTS

On February 5, 1983, the Securities and Exchange Commission filed a complaint against Bell & Beckwith, the Debtor, with the United States District Court for the Northern District of Ohio, Western Division [hereinafter "District Court"]. On that same date, the District Court issued a temporary restraining order and appointed Joseph D. Shibley as temporary receiver of the now defunct brokerage firm.

On February 7, 1983, the Securities Investor Protection Corporation [hereinafter "SIPC"] filed an application for a protective decree pursuant to 15 U.S.C. Section 78eee of the Securities Investor Protection Act [hereinafter "SIPA"]. On February 10, 1983, the District Court entered a protective decree. On February 11, 1983, the District Court certified the matter to the United States Bankruptcy Court for the Northern District of Ohio, Western Division.

Patrick J. McGraw, the Trustee in Bankruptcy [hereinafter "Trustee"], Plaintiff, filed a Complaint against the general partners of Bell & Beckwith to recover the deficiency between the Debtor's assets and liabilities, as well as preference payments, transfers made to the general partners during insolvency, and certain other debts. One such preference payment the Trustee sought to recover involved Haubner. Haubner, a general partner until May 13, 1979, received a payment of Forty-three Thousand Four Hundred Forty-two Dollars and Ninety-one Cents from his Special Capital Account and Five Thousand Four Hundred Forty-five Dollars and Sixteen Cents from his Drawing Account between November 7, 1982, and February 5, 1983. *See, Answer of Haubner* (March 5, 1985); and *Affidavit of Patrick A. McGraw, Trustee* (December 22, 1987).

On January 22, 1990, this Court entered an Order granting Summary Judgment against Louis Haubner, Jr. [hereinafter "Haubner"], Defendant. The Court found that the transfer of Forty-eight Thousand Eight Hundred Eighty-eight Dollars and Seven Cents ($48,888.07) amounted to a voidable preference under Section 547(b) of the Bankruptcy Code. *See, Patrick A. McGraw, Trustee v. Roscoe R. Betz, Jr., et al,* Case No. 85–0024 (January 22, 1990).

On January 29, 1990, the Defendant informed counsel for the Trustee that he had not been served with any of the documents relating to the Motion for Summary Judgment. The Trustee served the Defendant with those documents and filed a certificate of service with the Court to that effect on February 15, 1990. On February 20, 1990, the Plaintiff renewed its Motion for Summary Judgment against the Defendant. The grounds for the Renewed Motion for Summary Judgment parallel those found in the original Motion for Summary Judgment.

On March 14, 1990, the Defendant filed a Response to the Trustee's Renewed Motion for Summary Judgment. The Defendant also filed a request for Summary Judgment. The Defendant alleged that the "filing date" for purposes of calculating the Ninety (90) day preference period was February 11, 1983, the date the Bankruptcy petition was filed. Consequently, the Defendant argued that the transfers to the Defendant fell outside of the Ninety (90) day period.

The Trustee filed a Memorandum in Opposition to Haubner's Request for Summary Judgment. SIPC filed a Memorandum in Support of the Trustee's Renewed Motion for Summary Judgment and in Opposition to Haubner's Request for Summary Judgment. Additionally, SIPC filed a Motion for Sanctions against Counsel for Haubner. Both the Trustee and SIPC strenuously argued that the "filing date" was February 5, 1983.

The issue confronting the Court is what is the filing date for a liquidation proceeding instituted under SIPA. For the following reasons, this Court finds that the filing date is when the application for a protective decree is filed unless a proceeding has been commenced under Title 11 or a receiver, trustee, or liquidator has been appointed prior to the application. Specifically, this Court finds that February 5, 1983, is the filing date for this case for the purposes of preference actions.

## LAW

■ This case was removed to the Bankruptcy Court for proper liquidation under SIPA pursuant to Section 78eee(B)(4) of that statute. SIPA is intermingled with references to Title 11 of the United States Code, *i.e.,* the Bankruptcy Code. For example, SIPA Section 78fff–1 vests in the trustee "the same rights to avoid preferences, as a trustee in a case under title 11."

15 U.S.C. § 78fff–1. Section 547 of the Bankruptcy Code empowers a trustee to avoid certain pre-petition transfers of estate property. Therefore, by the language found in SIPA Section 78fff–1, Section 547 of the Bankruptcy Code applies to this liquidation.

SIPA provides that:

To the extent consistent with the provisions of this chapter, a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under chapters 1, 3, and 5 and subchapters I and II of chapter 7 of title 11. For the purposes of applying such title in carrying out this section, *a reference in such title to the date of the filing of the petition shall be deemed to be a reference to the filing date under this chapter.*

15 U.S.C. § 78fff(b). Consequently, when applying the provisions of the Bankruptcy Code in a SIPA liquidation, references to the date of the filing of the bankruptcy petition are deemed to be references to the "filing date" as defined in SIPA.

Section 547 of the Bankruptcy Code does make reference to the date of filing:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days *before the filing of the petition;*

\* \* \* \* \* \*

(5) that enable such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (emphasis added). Thus, the Court must look to SIPA for guidance on the determination of 'filing date.'

SIPA specifically defines "filing date." SIPA Section 78*lll* (7) provides, in pertinent part, that:

The term 'filing date' means the date on which an application for a protective decree is filed under section 78eee(a)(3) of this title, except that—

(A) if a petition under Title 11 concerning the debtor was filed before such date, the term 'filing date' means the date on which such petition was filed;

(B) if the debtor is the subject of a proceeding pending in any court or before any agency of the United States or an State in which a receiver, trustee, or liquidator for such debtor has been appointed and such proceeding was commenced before the date on which such application was filed, the term 'filing date' means the date on which such proceeding was commenced[.]

15 U.S.C. § 78*lll* (7). By definition, SIPA fixes the 'filing date' as the earliest of one of three situations: (1) the date an application for a protective decree is filed; (2) the date a Bankruptcy petition is filed; or (3) the date a receiver is court appointed.

In this case, the District Court appointed a receiver on February 5, 1983. SIPC filed an application for protective order on February 7, 1983. The District Court certified the matter to the Bankruptcy Court on February 11, 1983. Thus, the 'filing date' is February 5, 1983, for purposes of Section 547 of the Bankruptcy Code.

 Haubner contended that the appropriate 'filing date' was the date the District Court certified the matter to the Bankruptcy Court. In support of his contention, Haubner offered Section 303(b) of the Bankruptcy Code, which states that "[a]n involuntary case against a person is *commenced* by the *filing* with the *Bankruptcy Court* of a petition under Chapter 7 or 11 of this Title." 11 U.S.C. § 303(b) (emphasis added). This argument ignores SIPA Section 78fff(b) which equates "commencement of the case" with the SIPA "filing

date." This argument also ignores this Court's prior conclusion in this matter that the filing date was February 5, 1983. Other entities involved in this immense liquidation have agreed, and relied upon, that the 'filing date' was February 5, 1983. *See, Murray v. McGraw,* 821 F.2d 333 (6th Cir.1987).

This Court had previously addressed the remaining elements of Section 547 of the Bankruptcy Code in its Order of January 22, 1990, and will not revisit them here. This Court still finds that the withdrawals from Haubner's accounts on November 9, 1982, in the combined amount of Forty-eight Thousand Eight Hundred Eight-eight Dollars and Seven Cents are voidable preferences under Section 547 of the Bankruptcy Code, as the transfers were made within the Ninety (90) day preference period.

■■■ Turning to SIPC's Motion for Sanctions against Counsel for Haubner, the Court finds that this is a situation wherein sanctions are merited. Rule 9011 of the Federal Rules of Bankruptcy Procedure [hereinafter "Rule 9011"] provides that:

> Every petition, pleading, motion and other paper served or filed in a case under the Code on behalf of a party represented by an attorney ... shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case. * * * If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

FED.R.BANKR.PRO. 9011. The language of Rule 9011 corresponds to that of Rule 11 of the Federal Rules of Civil Procedure. The Court must judge the attorney's conduct by an objective standard of reasonableness under the circumstances at the time the pleading is filed. *See, INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 401 (6th Cir. 1987), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987). Once a violation has occurred, the Court, though having wide discretion in selecting what is appropriate, must impose some sanction. *Id.* at 401.

SIPC argued that Counsel for Haubner violated Rule 9011 by failing to conduct a reasonable prefiling investigation of the existing law. SIPC alleged that there was no good faith legal argument which could have been maintained as to which date constituted the "filing date." Moreover, SIPC points out that Stephen P. Harbeck, Senior Associate General Counsel for SIPC [hereinafter "Harbeck"], attempted on numerous occasions to contact Haubner's Counsel in an effort to explain the controlling SIPA Sections and to urge Haubner's Counsel to withdraw his pleadings in connection with the Renewed Motion for Summary Judgment. *See, Affidavit of Stephen P. Harbeck,* dated March 22, 1990.

Haubner's Counsel did not withdraw the Request for Summary Judgment, nor did he amend his pleadings in any manner. Furthermore, he has not responded to SIPC's Motion for Sanctions, so the Court can only review Haubner's Request for Summary Judgment as an indication of whether Rule 9011 was violated.

■■ The Sixth Circuit Court of Appeals has held that an attorney who signs pleadings or other court papers has three obligations to meet to avoid sanctions under Rule 9011.

> First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact.

Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as a good faith argument for extension or modification of existing law.

Third, the document must not be filed for any improper purpose.

*Jackson v. Law Firm of O'Hara, Ruberg, et. al.*, 875 F.2d 1224 (6th Cir.1989). Although in *Jackson*, the Sixth Circuit Court of Appeals dealt with Rule 11, this Court believes that Rule 9011 and Rule 11 are similar in their requirements. It is the second obligation which this Court believes that Reeves did not meet.

This is a Bankruptcy that has been ongoing since 1983. Since the beginning, SIPC has been involved and this Court has applied SIPA where appropriate. Haubner's Counsel should have known to consult SIPA before making his argument; the slightest research would have revealed that his argument was baseless. His Request for Summary Judgment does not contain any argument for the Court to consider extending or a modification of the existing law under SIPA. Had this Bankruptcy been fresh and had counsel been struggling to comprehend SIPA, then maybe this Court would have ruled differently.

Harbeck's Affidavit indicates that he contacted opposing counsel and informed him of the application of SIPA to this case. Haubner's Counsel continued to pursue his avenue of defense without attempting to alter his direction by filing any type of argument as to why SIPA does not apply. While these actions were not as egregious as some of the cases this Court has reviewed, this Court nevertheless finds that the prefiling investigation conducted by Haubner's Counsel was insufficient because it failed to disclose that the legal argument put forth was not warranted by existing law or a good faith argument for the extension or modification law. *See, e.g., Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F.Supp. 975 (E.D.Pa. 1973) (holding that suing every individual or lending institution listed in the Philadelphia phone book under the heading of mortgage broker violated Rule 11 by bringing suit challenging a particular lending practice against 177 mortgage lending institutions where 46 of the 177 institutions did not follow the disputed practice.). Accordingly, the Court concludes that Haubner's Counsel signed the Request for Summary Judgment in violation of the requirements of Rule 9011.

As to appropriate sanctions, this Court had wide discretion in determining what is appropriate for this situation. The primary purpose of Rule 9011 sanctions is deterrence, not compensation. This Court believes that striking all pleadings by Haubner's Counsel in this matter is the appropriate sanction for this violation of Rule 9011. The Court makes this finding for a variety of reasons. One such reason is that the claim by Haubner's Counsel was disposed of by summary judgment, therefore, any greater sanction would not be justified based upon the time involved. Furthermore, the record reflects no indication of a deliberate effort to misuse or abuse the litigation process. Haubner's Counsel has practiced before this Court for many years and this is the only violation of which this Court is aware. This Court is in no way casting aspersions upon Haubner's Counsel or upon his ability to competently practice law, but rather, this Court is only making a case specific finding that a violation occurred. All counsel who appear in this Court are strongly encouraged to argue on behalf of their clients, but are reminded that they are to state the controlling law fairly and fully and to perform adequate prefiling investigations.

In reaching the conclusions found herein, this Court has considered all the evidence and arguments of counsel regardless of whether or not they are specifically mentioned.

Accordingly, it is

ORDERED that the Trustee's Motion for Summary Judgment be, and is hereby, Granted.

It is FURTHER ORDERED that judgment be, and is hereby, granted in favor of the Plaintiff, Patrick A. McGraw, Trustee, and against the Defendant, Louis Haubner, Jr., in the amount of Forty-eight Thousand

Eight Hundred Eighty-eight Dollars and Seven Cents ($48,888.07).

It is FURTHER ORDERED that the Defendant's Motion for Summary Judgment be, and is hereby, Denied.

It is FURTHER ORDERED that SIPC's Motion for Sanctions be, and is hereby, Granted..