**In re Clifford M. BOYD, Debtor.**

**Bankruptcy No. SB 90–07722 LR.**

United States Bankruptcy Court,
C.D. California.

June 29, 1992.

Jude Thaddeus A. Powers, Hemet, Cal., for debtor.

Sandra L. Bendon, Hanover & Schnitzer, Palm Springs, Cal., for creditor.

Robert S. Whitmore, San Bernardino, Cal., Trustee in Bankruptcy.

Timothy J. Farris, San Bernardino, Cal., Office of the U.S. Trustee.

## MEMORANDUM OF DECISION AND ORDER IMPOSING SANCTIONS AGAINST DEBTOR AND DEBTOR'S ATTORNEY

LYNNE RIDDLE, Bankruptcy Judge.

On January 10, 1992, this Court entered an Order to Show Cause ("OSC") why this case should not be dismissed pursuant to 11 U.S.C. § 707(b), as a substantial abuse of the provisions of Chapter 7 of the Bankruptcy Code. Debtor's ex-wife and primary creditor, Ellen Boyd Sturgis, filed a joinder and evidence in support of the OSC, together with a request for sanctions under Bankruptcy Rule 9011.

This Court found that the petition was filed in bad faith and for an improper purpose, and that the grant of a discharge to Debtor would be a substantial abuse of Chapter 7. The case was dismissed with a two-year bar to refiling and the Court reserved ruling on the request for sanctions. Findings of Fact and Conclusions of Law with respect to § 707(b) dismissal were entered March 31, 1992. Those findings and the evidence on which they are based are relevant to the imposition of sanctions and are incorporated herein by reference. *In re Rainbow Magazine, Inc.*, 136 B.R. 545, 551 n. 10 (9th Cir. BAP 1992). Specifically, this Court found that:

(1) Debtor failed to disclose interests in property and transfers of property in the petition.

(2) Debtor had the ability to pay his debts and to fund a Chapter 13 plan. Mr. Powers did not inform Debtor of the availability of Chapter 13 and falsely certified that he had so informed Debtor.

(3) At the time of preparing the petition Mr. Powers did not make reasonable inquiry into Debtor's assets.

After receiving additional memoranda and declarations regarding the amount of costs incurred, the issue of sanctions was taken under submission.

## JURISDICTION

The Court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334 (district

courts have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (district courts may refer all Title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges of the Central District of California). The motion is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

## DISCUSSION

■ Bankruptcy Rule 9011[1] authorizes the imposition of sanctions against a party and/or an attorney who signs a pleading which is not well-grounded in fact and warranted by law, or is filed for an improper purpose. If the Rule is violated, the court must impose an appropriate sanction. *In re Webre*, 88 B.R. 242, 245 (9th Cir. BAP 1988); *In re Film Ventures Int'l, Inc.*, 89 B.R. 80, 86 (9th Cir. BAP 1988). Debtor disputes both the propriety of sanctions and the amount requested by Mrs. Sturgis.

### 1. *Imposition of Sanctions*

■ There are two separate bases for sanctions under Rule 9011: (1) a frivolous pleading filed without reasonable inquiry into whether it is well-grounded in fact and warranted by law, and (2) a pleading interposed for an improper purpose. *In re Rainbow Magazine, Inc.*, 136 B.R. 545, 550 (9th Cir. BAP 1992) (citing *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc)); *In re Webre*, 88 B.R. 242, 245 (9th Cir. BAP 1988). Both prongs are measured by an objective standard which requires the Court to consider the reasonableness of the conduct under the circumstances. *Rainbow Magazine*, 136 B.R. at 550.

#### a. Improper Purpose

■ The Court determined that Debtor's Chapter 7 petition was filed in bad faith and for an improper purpose: to avoid payment to his ex-wife of pension benefits awarded to her in a divorce decree. (Conclusion of Law ¶ 2). This conclusion is based on evidence that Debtor's ex-wife was the primary creditor, the filing was prompted by Mrs. Sturgis' efforts to collect her debt, and Debtor had the ability to pay his debts and fund a Chapter 13 plan. (Findings of Fact ¶¶ 3, 19, 20).

Debtor argues that he is entitled to discharge his debt to Mrs. Sturgis based on *In re Teichman*, 774 F.2d 1395 (9th Cir.1985). *Teichman* held that prepetition payments of retirement benefits divided by a marriage dissolution decree were not excepted from discharge under § 523(a)(4)[2] because the divorce decree did not create a "trust." Since *Teichman* provides a legal foundation for discharging the debt to Mrs. Sturgis, Debtor argues that the petition was filed for the "proper" purpose of discharging a debt.

*Teichman* alone, however, does not justify Debtor's filing. Other factors figured in this Court's conclusion that Debtor filed a Chapter 7 petition for an improper purpose. *Teichman* holds that Mrs. Sturgis' debt may not be excepted from discharge under § 523(a)(4). Nevertheless such debt may be nondischargeable under § 523(a)(6). *In re Wood*, 96 B.R. 993 (9th Cir. BAP 1988). The *Teichman* court did not discuss Mr. Teichman's debts, assets and ability to pay his creditors. This Debtor, however, has

---

**1.** Bankruptcy Rule 9011 provides that the signature of an attorney or a party on a petition constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass, or to cause unnecessary delay, or needless increase in the cost of litigation or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

**2.** Section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, unless otherwise indicated.

the ability to pay his creditors within a reasonable time, yet chose not to do so. Debtor filed a Chapter 7 petition when he was not really in need of a "fresh start." Additionally, Debtor failed to disclose assets and transfers of assets, from which the Court infers an improper purpose to mislead the Court, the Trustee and creditors. (Findings of Fact ¶¶ 16, 17). Sanctions are therefore warranted because the petition was filed for an improper purpose.

### b. Frivolous Pleading

■■■ Under the alternative prong of Rule 9011, the issue is whether the signer knew, or after reasonably diligent inquiry should have known, that the petition was not well-grounded in fact and warranted by law. *E.g., In re Villa Madrid,* 110 B.R. 919, 922 (9th Cir. BAP 1990). A petition "is not well grounded in fact if it is contradicted by uncontroverted evidence that was or should have been known to the attorney or the party signing the filing." *In re Pasko,* 97 B.R. 913, 917 (Bankr.N.D.Ill. 1988).

First, this Court finds that Mr. Powers failed to make *any* inquiry into whether the information in the petition was complete and accurate. Mr. Powers had earlier counseled Debtor to transfer assets; yet when the petition was prepared Mr. Powers made no inquiry as to whether such transfers had in fact occurred and whether the transactions were effective in creating exempt assets. (Findings of Fact ¶¶ 21, 22; Conclusion of Law ¶ 5).

Second, as a result of Mr. Powers' failure to inquire of Debtor, there were several instances in which the petition was not grounded in fact. The petition did not disclose Debtor's interests in real and personal property nor Debtor's transfers of property. (Findings of Fact ¶¶ 16, 17). Such misrepresentation of ownership, when minimal inquiry by Mr. Powers would have revealed that Debtor did in fact have an ownership interest in property, warrants the imposition of sanctions. *See In re Pasko,* 97 B.R. 913, 917–18 (Bankr.N.D.Ill. 1988) (representation of ownership of properties was not well-grounded in fact when

investigation by debtor or attorney would have revealed that secured creditor purchased property prepetition at foreclosure sale).

■■■ Debtor and Mr. Powers acknowledge that they failed to disclose assets in the petition, but explain that Debtor assumed he had no interest in those properties because his name was not on the title. Debtor points out that he promptly amended the schedules to add omitted property upon request of the Chapter 7 Trustee, and concludes that no harm was occasioned to Mrs. Sturgis. However, Debtor ignores the fact that Mrs. Sturgis and her counsel spent considerable time and money, including hiring a private investigator, to gather information and documentation of Debtor's interest in properties not scheduled in the petition. More importantly, Debtor's subjective good faith in filing incomplete schedules is irrelevant under Rule 9011. *In re Rainbow Magazine, Inc.,* 136 B.R. 545, 550–51 (9th Cir. BAP 1992).

Third, the Chapter 7 petition was not grounded in fact and warranted by law because Debtor was able to pay his debts. Case law in the Ninth Circuit clearly states that the primary factor in determining substantial abuse under § 707(b) is whether debtor is able to pay his creditors. *In re Kelly,* 841 F.2d 908, 914 (9th Cir.1988). Yet apparently Mr. Powers did not consider Debtor's ability to pay creditors in deciding to file a Chapter 7 petition. Mr. Powers did not inform Debtor of the relief available under Chapter 13, although Mr. Powers falsely certified that he had so informed Debtor. (Finding of Fact ¶ 25; Conclusion of Law ¶ 6).

Sanctions are therefore warranted under the frivolousness prong of Rule 9011 based on the Court's findings that Mr. Powers and Debtor failed to inquire into: (1) the nature and extent of Debtor's property, (2) the propriety of Chapter 7 relief when Debtor was able to pay his creditors, and (3) the availability of Chapter 13. Reasonable inquiry would have revealed that Debtor had an interest in other property not scheduled in the petition and that Chap-

ter 7 was inappropriate under the circumstances.

### 2. *Amount of Sanctions*

▆ The issue of whether conduct warrants sanctions involves legal questions; however, the form or amount of any sanction is left to the discretion of the bankruptcy court. *In re Rainbow Magazine, Inc.*, 136 B.R. 545, 555 (9th Cir. BAP 1992); *In re Bersher Inv.*, 95 B.R. 126, 128 (9th Cir. BAP 1988). One form of sanction, among others, which is expressly authorized by Rule 9011, is reimbursement of costs incurred by the party which opposed Debtor's misconduct. "The measure of sanctions ... is not the actual fees and expenses incurred, but those that the court determines to be reasonable." *Rainbow Magazine*, 136 B.R. at 555.

Mrs. Sturgis requested sanctions in the amount of $20,500.09, which represents attorney fees and costs incurred by Mrs. Sturgis since the filing of Debtor's petition. Debtor objects to the amount of sanctions requested on several grounds.

▆ First, Debtor objects to the technical form of declarations submitted by Mrs. Sturgis regarding the amount of fees incurred. Specifically, Debtor contends that the evidence does not comply with United States Trustee Guideline No. 7 governing applications for payment of professional fees and expenses. However, the evidence submitted is sufficient, both substantively and technically, to permit the Court to assess the reasonableness of the fees requested and provide a factual basis for the amount of sanctions. *See Rainbow Magazine*, 136 B.R. at 555. Although this Court suggested at the hearing on February 25, 1992, that declarations in support of the fees and costs incurred be in a format similar to formal fee applications, there is no requirement under either the Code or Rules that a request for sanctions be doc-umented with the same detail required by §§ 330 and 331.

Second, Debtor contends that fees incurred subsequent to March 21, 1991, are unnecessary and unreasonable under § 330. At the March 21 status conference on Mrs. Sturgis' complaint to except debt from discharge, the Court commented that the case might be appropriate for consideration under § 707(b), but the Court did not take any action at that time. Mrs. Sturgis could not be expected, on the basis of the Court's sidebar remark, to abandon her efforts to block a discharge of her debt.

Debtor also questions the necessity of services rendered by Joseph Carpello, Mrs. Sturgis' former attorney, and Ms. Bendon.[3] Debtor argues that Mr. Carpello's § 523 complaint, subsequently amended to include a cause of action under § 727, did not advance Mrs. Sturgis' position. He suggests that Ms. Bendon's services were unnecessary because Debtor had offered a settlement which he perceived to be more advantageous to Mrs. Sturgis than the decision ultimately rendered by the Court. This objection is meritless. The legal services provided by Mr. Carpello and Ms. Bendon were necessary to prosecute Mrs. Sturgis' adversary action. This Court reviewed the documentation of time spent by Mr. Carpello and Ms. Bendon and finds that the services rendered were necessary and the time spent and amount charged were reasonable under the circumstances.

Third, Debtor objects to the fact that the some of the expenses incurred have been paid by Hans Kleeman, a personal friend of Mrs. Sturgis, and suggests that Mr. Kleeman and/or the attorneys who represented Mrs. Sturgis are "guilty" of the common law crime of maintenance.[4] Both Mr. Kleeman and Mrs. Sturgis testified that Mr. Kleeman loaned money to her to fund the litigation, and that such money must be repaid by Mrs. Sturgis. Mr. Kleeman testi-

---

**3.** Curiously, Debtor does not question the reasonableness or necessity of the services rendered by Naomi R. Bernstein, who represented Mrs. Sturgis from May 8, 1991 to December 11, 1991. Apparently this is because Ms. Bernstein advised Mrs. Sturgis to abandon her action.

**4.** "Maintenance" is defined in *Black's Law Dictionary* 860 (5th ed. 1979), as

[a]n officious intermeddling in a suit which in no way belongs to one, by maintaining or assisting either party, with money or otherwise, to prosecute or defend it.

fied that the litigation has caused Mrs. Sturgis to suffer ill health and for that reason he acted on her behalf in dealing with her counsel.

Debtor is obviously frustrated by Mr. Kleeman's involvement. Without Mr. Kleeman's financial and emotional support Mrs. Sturgis might have abandoned her legal right to payment in the face of Debtor's manipulation and abuse of the Bankruptcy Code. Nevertheless no legal authority or argument has been presented to support Debtor's theory that Mr. Kleeman's assistance, provided subsequent to the filing of the petition, excuses Debtor's misconduct in filing a petition for an improper purpose and which was not well-grounded in fact and warranted by law.

In determining the form and amount of sanction, the Court's discretion must be guided by the reasonableness of the sanction requested and by the least severe sanction necessary to serve the principal goal of Rule 9011, deterrence. *In re Rainbow Magazine, Inc.*, 136 B.R. 545, 555 (9th Cir. BAP 1992). Sanctions should be allocated between debtor and debtor's counsel based on their relative culpability. *In re Eighty South Lake, Inc.*, 63 B.R. 501, 511 (Bankr.C.D.Cal.1986), *aff'd*, 81 B.R. 580 (9th Cir. BAP 1987) (responsibility for bad faith filing borne jointly by debtor and attorney). Generally, sanctions fall wholly on the client when the client has misled the attorney as to facts or the purpose of proceeding. But when the attorney and client share responsibility for litigation strategy and such strategy violates Rule 11, the court can impose joint and several liability. *Rainbow Magazine*, 136 B.R. at 554; *Eighty South Lake*, 63 B.R. at 511–12; *In re Pasko*, 97 B.R. 913, 918 (Bankr.N.D.Ill. 1988) (imposing sanctions equally against debtor and attorney when court was unable from evidence to allocate responsibility); *cf. Weiszhaar Farms, Inc. v. Livestock State Bank*, 113 B.R. 1017, 1022–24 (D.S.D. 1990) ($50,777.59 sanction imposed on coun-

sel when based on failure to research applicable law).

This Court holds that the most appropriate sanction is to require Debtor and his attorney to reimburse Mrs. Sturgis for expenses she incurred as a direct result of Debtor's filing of the Chapter 7 petition in bad faith and for an improper purpose. The expenses actually incurred by Mrs. Sturgis are reasonable,[5] and payment of these expenses represents the least severe sanction necessary to deter Debtor and Mr. Powers from future improper filings. The sanction is severe enough so that Debtor will be deterred from filing a new petition in bankruptcy in another jurisdiction and Mr. Powers will be inclined to make more diligent inquiry into the facts and law before advising the filing of a petition in bankruptcy.

This Court further holds Debtor and Mr. Powers equally responsible for the Chapter 7 filing and the resulting sanction. Debtor approached Mr. Powers nearly two years before the petition was filed to obtain legal advice to assist him in avoiding payment to Mrs. Sturgis. Debtor and Mr. Powers are equally responsible for the strategy devised and implemented; Debtor and Mr. Powers must equally bear the consequences.

### ORDER

Based on these findings and conclusions, it is hereby ORDERED, ADJUDGED and DECREED that sanctions in the amount of $22,500.09 are imposed jointly and severally against Debtor, CLIFFORD M. BOYD, and his attorney, JUDE THADDEUS A. POWERS.

---

**5.** Debtor argues that there is no evidence that Mrs. Sturgis incurred fees for investigative services. However, the Declaration of Hans Kleeman ¶ 9, filed Jan. 22, 1992, is evidence that Mr. Kleeman paid Hartin Investigative $1500 on Mrs. Sturgis' behalf. Although the services performed for this fee are not itemized, the Court finds that this fee is modest in relation to the other expenses incurred by Mrs. Sturgis and is reasonable.