**In re Danny Lee THOMPSON, Debtor.**

**RAILROAD CENTER, Plaintiff,**

v.

**Danny Lee THOMPSON, Defendant.**

**Bankruptcy No. 392–09119.
Adv. No. 393–0186A.**

United States Bankruptcy Court,
M.D. Tennessee.

March 2, 1994.

---

John R. Cheadle, Sr., Nashville, TN, for Danny Lee Thompson.

William H. Tate, Nashville, TN, for Railroad Center.

**32**

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether Bankruptcy Rule 9011 sanctions should be imposed upon this debtor for omissions and misrepresentations in the Schedules and Statement of Affairs. Sanctions are appropriate. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

### I

The debtor worked as a district manager for Farmers Insurance Group in Ukiah, California. The debtor leased office space from the Railroad Center. In July of 1991, the debtor sold his Ukiah business and accepted a similar position with Farmers in Nashville, Tennessee.

In connection with the business sale, the debtor subleased his offices in Ukiah. The sublessee abandoned the space. The Railroad Center filed suit on the lease in California and obtained a default judgment against the debtor. The debtor then filed Chapter 7 in Nashville.

The Railroad Center objected to discharge. This court denied the debtor's discharge under § 727(a)(2)(A), (a)(2)(B), (a)(4) and (a)(5), based on findings that "the debtor failed to list significant assets in his Schedules and Statement of Affairs with the intent to hinder, delay and defraud creditors ..." and that "the debtor knowingly and fraudulently ... made false oaths, with respect to his Schedules and Statement of Affairs." *Railroad Center v. Thompson (In re Thompson)*, No. 393–0186A, 1993 WL 664642 (Bankr.

M.D.Tenn. Oct. 28, 1993). The Railroad Center requested sanctions pursuant to Bankruptcy Rule 9011.[1]

### II

The Railroad Center argues that sanctions under Bankruptcy Rule 9011 are mandatory whenever discharge is denied based on a false oath or omission under § 727(a). The kinds of debtor misconduct that justify denial of discharge under §§ 727(a)(2), (a)(4) and (a)(5) will sometimes, but not always also establish the predicate for sanctions under Bankruptcy Rule 9011. Neither the Code nor Rules mandates sanctions in all successful litigation to bar discharge.[2]

In this proceeding, Bankruptcy Rule 9011 sanctions are appropriate. This debtor signed his Schedules and Statement of Affairs *knowing* that they were materially false and misleading. He did so for the improper purpose of hindering, delaying or defrauding his creditors. *In re Thompson*, No. 393–0186A, 1993 WL 664642 (Bankr.M.D.Tenn. Oct. 28, 1993).

### III

Bankruptcy courts have broad discretion to determine appropriate Rule 9011 sanctions. *Braun v. Champion Credit Union (In re Braun)*, 152 B.R. 466, 472 (N.D.Ohio 1993) (citing *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir.1987)); *McGraw v. Betz (In re Bell & Beckwith)*, 140 B.R. 448, 452 (Bankr.N.D.Ohio 1992); *Caldwell v. Farris (In re Rainbow Magazine, Inc.)*, 136 B.R. 545, 555 (9th Cir. BAP 1991). The court "may include an order to pay to the other party or parties the amount of reasonable

---

1. Fed.R.Bankr.P. 9011 provides in part:

   (a) Signature. Every petition, pleading, motion and other paper served or filed in a case under the Code ... shall be signed.... The signature of an attorney or party constitutes a certificate that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litiga-

tion or administration of the case.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

2. Elsewhere in the Code, Congress has directly addressed sanctions for creditor conduct in connection with dischargeability litigation. *See, e.g.,* 11 U.S.C. § 523(d).

expenses incurred because of the filing of the document, including a reasonable attorney's fee." Fed.R.Bankr.P. 9011. The proper measure is not necessarily the actual fees or expenses incurred; rather, an amount that is reasonable. *In re Braun,* 152 B.R. at 472; *In re Rainbow Magazine,* 136 B.R. at 555. The court must consider whether the fees and expenses incurred are proportional to the violation committed. *INVST Fin. Group, Inc. v. Chem–Nuclear Sys., Inc.,* 815 F.2d 391, 404 (6th Cir.1987). The court must consider the deterrent effect of the sanction and the party's ability to pay. *See Orlett v. Cincinnati Microwave, Inc.,* 954 F.2d 414, 420 (6th Cir.1992); *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor,* 875 F.2d 1224, 1229–30 (6th Cir.1989). *See also INVST Fin. Group, Inc.,* 815 F.2d at 404.

■ The Railroad Center argues for sanctions equal to all of its fees and expenses for this adversary proceeding. This request is not reasonable.

Not all of the causes of action identified at the pretrial conference and developed through discovery and trial would support Bankruptcy Rule 9011 sanctions. For example, much time was spent tracing the receipt and use of postpetition income by the debtor. Some of this evidence bears on documents signed in violation of Bankruptcy Rule 9011; much did not. There were pretrial discovery disputes and hearings not directly related to any violation of Bankruptcy Rule 9011. There was a claims dispute that distracted the parties from the discharge issues. Portions of the depositions introduced into evidence cannot be attributed to Bankruptcy Rule 9011 violations by the debtor. There has been litigation of dismissal of this bankruptcy case under 11 U.S.C. § 707(a) that is unrelated to any violation of Bankruptcy Rule 9011. The Railroad Center has expended much effort investigating and attempting collection of its judgment after denial of the debtor's discharge.

From a review of the affidavits, supplemental affidavits, bill of costs and reflection on the entire course of this litigation, the appropriate sanction for violation of Bankruptcy Rule 9011 is the recovery of attorney's fees in the amount of $16,205. This amount represents roughly 30% of the attorney's time expended prior to the billing dated November 3, 1993; 40% of the billings dated November 3 and December 3, 1993;[3] and a 14–hour portion of the billing dated January 11, 1994. The cost bill filed November 23, 1993 in the amount of $4,342 is approved. Also, the Railroad Center is entitled to recover expert fees and expenses in the amount of $5,599.

■ These amounts are compensation to the Railroad Center for the injury done by the debtor's violations of Bankruptcy Rule 9011 and are intended as a deterrence—the primary role of sanctions under Bankruptcy Rule 9011. *See In re Bell & Beckwith,* 148 B.R. at 453; *see also In re KTMA Acquisition Corp.,* 153 B.R. 238, 268 (Bankr.D.Minn. 1993); *In re Boyd,* 143 B.R. 237, 242 (Bankr. C.D.Cal.1992). This debtor has a substantial source of income from which to pay the sanction.

An appropriate order will be entered.

### ORDER

For the reasons stated in the memorandum contemporaneously filed herewith, IT IS ORDERED, ADJUDGED and DECREED that the Railroad Center recover from Danny Lee Thompson sanctions, costs and expenses totalling $26,146.

IT IS SO ORDERED.

---

**3.** Trial of the adversary proceeding to deny the debtor's discharge took place on October 21 and 22, 1993.