**OVERNITE TRANSPORTATION COMPANY, Plaintiff,**

v.

**RYDER/P–I–E NATIONWIDE, INC., et al., Defendants.**

**No. 86–1060C(6).**

United States District Court, E.D. Missouri, E.D.

March 2, 1992.

**767**

Donald H. Clooney, Clooney & Anderson, St. Louis, Mo., for Overnite Transp. Co.

Ted L. Perryman, Roberts, Perryman & Bomkamp, St. Louis, Mo., for NEPACCO.

Jerry R. Bliss, pro se.

Lewis T. Booker, Hunton & Williams, Richmond, Va., John J. Cole, Armstrong, Teasdale, Kramer, Vaughan & Schaafly, St. Louis, Mo., for Syntex Agribusiness.

Russell M. Bliss, Jerry–Russell Bliss, Inc., St. Louis, Mo.

F. William McCalpin, Richard Ahrens, Mary B. Schultz, Lewis & Rice, St. Louis, Mo., for Independent PetroChemical Corp.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on a pair of related motions. Defendants Syntex Agribusiness, Inc. (Syntex), Independent Petrochemical Corp. (IPC) and Northeast-ern Pharmaceutical and Chemical Co. (NEPACCO) (collectively "settling defendants") filed a motion to dismiss the cross-claim of their codefendant Olympia Holding Company (Olympia), formerly known as Ryder/P–I–E Nationwide, Inc. Olympia moved for a stay, relying on its voluntary petition for bankruptcy under Chapter 11. Syntex, IPC and NEPACCO oppose Olympia's request, claiming that bankruptcy's automatic stay provision does not operate on the cross-claim brought by Olympia prior to commencement of bankruptcy.

This case arises from the spraying of dioxin on Overnite Transportation Company's (Overnite) property. Overnite brought this suit against seven defendants, seeking response costs under the Comprehensive Environmental Response, Compensation, and Liability Act, ("CERCLA"), 42 U.S.C. §§ 9601–9675. On March 11, 1987, Olympia filed a cross-claim, requesting contribution from the other defendants if the Court finds it liable to Overnite. Three other defendants also filed cross-claims. On October 16, 1990, Olympia filed a voluntary petition for bankruptcy under Chapter 11. On February 8, 1991, the Court was informed by joint motion that all parties, except Olympia, had settled their disputes. Since the parties filed the motions at issue in this memorandum, the Court granted Overnite's motion to dismiss with prejudice its claim against Olympia.

The motion to dismiss contends that under CERCLA a party who settles with the plaintiff is protected from actions for contribution. Accordingly, Olympia's cross-claim for contribution has no basis in law and the Court should dismiss it. In opposition to Olympia's motion for a stay, the settling defendants contend that the Court can rule on their motion to dismiss Olympia's claim, despite Olympia's bankruptcy proceedings, because the automatic stay applies to claims brought against, but not by, the debtor.

█ The act of filing a petition for bankruptcy stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of

the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title." 11 U.S.C. § 362 (emphasis added). Although neither the Eighth Circuit nor this district has resolved this issue, other circuits and district courts conclude that the automatic stay does not apply to actions originally commenced by the bankrupt party. *Merchants & Farmers Bank v. Hill,* 122 B.R. 539, 541 (E.D.Ark.1990) (citing cases from the Third, Fifth, Sixth, Seventh and District of Columbia Circuits as well as district court decisions from Minnesota, California and Florida). This approach does not conflict with either the express language of section 362, which merely refers to actions *against* the debtor, or the policy of protecting the bankrupt's estate from disbursement before it can be equitably distributed among the creditors. *Id.* Moreover, because any recovery inures to the benefit of the estate, allowing a debtor's action to progress during bankruptcy would facilitate estate distribution. *See id.* Accordingly, the Court will address the settling defendants' motion to dismiss.

When ruling on a motion to dismiss, the Court must take the allegations of the cross-claim as true, construing it and all reasonable inferences therefrom, in a light most favorable to the cross-claim plaintiff. *See Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986). Therefore, "a motion to dismiss ... should not be granted unless it appears beyond doubt that the [cross-claim] plaintiff can prove no set of facts which would entitle him to relief." *Id.*

Olympia's cross-claim seeks only one remedy—contribution from the other defendants for its liability to Overnite. Inasmuch as Overnite dismissed its claims against Olympia with prejudice at its own costs, Olympia cannot incur a loss for which its cross-claim seeks contribution. Accordingly, the Court concludes that Olympia's cross-claim shall be and it is dismissed.