Pesante Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
I
La parte peticionaria, Félix Muñiz Rivera, Félix Muñiz, Inc. y Hermanos Muñiz, Inc., recurren ante nos en el interés de obtener la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas. Mediante la resolución en controversia el Tribunal determinó que la parte demandante-recurrida, Fidencio Muñiz Rivera, tenía legitimación activa para continuar litigando el caso de epígrafe. Lo anterior a pesar de que en su petición de quiebra presentada en la Corte de Quiebras del Tribunal de Distrito Federal de Puerto Rico, no incluyó la causa de acción de marras. La misma, según los peticionarios, de haberse incluido en la petición de quiebra pertenece al "Estate" del demandante y quien único tiene legitimación activa para litigarla era el síndico o "trustee". El 26 de agosto de 1997 emitimos una resolución solicitando la comparecencia como amicus curiae del síndico de la Corte de Quiebras, Ledo. Antonio Fiol Matta. El mismo no compareció.
Por los fundamentos que más adelante habremos de exponer, denegamos la expedición del auto de certiorari solicitado.
*774 II
El 31 de mayo de 1991 el demandante Fidencio Muñiz Rivera presentó demanda contra los peticionarios. Posteriormente, en 1996 la enmendó y entre otros asuntos, reclamó que se abriera la sucesión intestada de su padre, se procediera a liquidar la sociedad de bienes gananciales de sus progenitores, se le adjudicase su participación en dichos bienes y se condenare a los demandados-peticionarios a pagarle por los daños físicos, mentales y emocionales que le han causado. El 3 de diciembre de 1993, luego de la presentación de la demanda, el demandante-recurrido se acogió a la protección de la Corte de Quiebras al radicar la correspondiente petición bajo el Capítulo 13 de la Ley de Quiebra que posteriormente se convirtió en Capítulo 7 bajo la misma Ley. En ninguna de las dos peticiones, el demandante incluyó como activos las reclamaciones de la demanda de marras. Así las cosas, en enero de 1997 los demandados-peticionarios presentaron sendas mociones en solicitud de sentencia sumaria y desestimación por falta de jurisdicción. Es en ese momento que la representación legal del demandante adviene en conocimiento que su representado tenía un caso pendiente en la Corte de Quiebras. Aparentemente, el demandante estaba bajo la creencia de que su caso ante dicho foro había concluido. Al no ser ello así, se puso en conocimiento al síndico de la Corte de Quiebras del estado del caso y éste autorizó a que se continuara con los procedimientos ante el Tribunal de Primera Instancia.
Surge del expediente ante nuestra consideración que el síndico preparó una petición a la Corte de Quiebras en la que le informaba del presente caso y en la que solicitaba autorización para que el abogado del demandante-recurrido continuara representando al demandante ante el foro de instancia. Para justificar tal petición adujo lo dificultoso que resultaba su litigación por razón de que el caso requería conocimientos especializados y el abogado del demandante los poseía. Además, éste solicitó al Tribunal de Quiebras le permitiera continuar representando al demandante con remuneración a base de honorarios contingentes.
El 22 de mayo de 1997 el foro de instancia declaró sin lugar las mociones de sentencia sumaria y desestimación presentadas por los demandados y le ordenó a la parte demandante lo mantuviera informado sobre cualquier asunto relacionado con la Corte de Quiebras.
Inconforme con el dictamen recurren ante nos haciendo el siguiente señalamiento:

"Erró el Tribunal de Primera Instancia al no desestimar la demanda radicada por el demandante-recurrido por carecer de legitimación activa y/o "standing" máxime cuando las reclamaciones hechas en la demanda no fueron incluidas en la Petición de Quiebra radicada por el demandante-recurrido y sin que el Tribunal de Quiebras fuera apercibido de esta situación y sin que éste hubiera autorizado la litigación en el Tribunal de Primera Instancia, Sala Superior de Caguas."

No tienen razón. De los autos no surgen controversias de hechos en cuanto a que el demandante no informó en su solicitud de quiebra sobre la acción derivativa que se reclama contra los demandados en epígrafe. Los argumentos de los demandados-peticionarios giran principalmente en torno a la falta de legitimación activa del demandante para incoar una acción civil en su contra considerando que una vez se presenta una solicitud de quiebra ante el Tribunal de Quiebra el único que tiene legitimación activa para demandar es el síndico o "Trustee". Ante este marco fáctico procedemos a resolver conforme a derecho. Veamos.
m
A tenor con lo dispuesto en el Artículo 1, Sección 8 de la Constitución de los Estados Unidos, el Congreso tiene poder para regular mediante legislación uniforme los procedimientos de quiebras. Por ello, la Ley Federal de Quiebras se encuentra codificada en el Título 11 del Código de los Estados Unidos y establece, en lo pertinente a nuestro caso, el procedimiento a seguirse en casos de quiebras bajo el Capítulo 13 y 7.
El Capítulo 13 de la Ley de Quiebras trata sobre la quiebra de personas, matrimonios o negocios pequeños individuales no incorporados con ingreso regular y establece la paralización automática de los procedimientos de cobro contra el deudor. Del mismo modo, el propósito que se persigue al presentar una solicitud de quiebra bajo el Capítulo 7 es el de lograr que el deudor consiga descargar sus deudas mediante un procedimiento que garantice una distribución justa entre los acreedores del *775 deudor de cualquier propiedad exenta que éste tenga.
Para ello, la Ley de Quiebras establece en su sección 362 (a) un procedimiento de paralización que se conoce comúnmente como "Automatic Stay" mediante el cual se paraliza automáticamente todo proceso o actuación contra el deudor proveyéndole un alivio frente a sus acreedores. Véase, Fortier v. Doña Anna Plaza Partners, 747 F.2d 1324, 1330 (1st. Cir. 1984). Entiéndase por deudor, según la definición dispuesta en la Ley Federal de Quiebras en su sección 101(13), aquella persona o entidad contra quien se ha iniciado una acción bajo este título.
Esta paralización tiene efecto inmediato y se extiende a las acciones incoadas contra el deudor en quiebra previo a la presentación de su petición y a cualquier acción dirigida a obtener la posesión de bienes del caudal o ejercer control sobre el mismo. También incluye a cualquier entidad o persona que inicie o continúe una acción civil o solicite la ejecución de una sentencia contra el deudor. 11 U.S.C. see. 362 (a). Véase, nota al calce núm. 5 en Morales Pérez y otros v. Clínica Femenina de Puerto Rico, sentencia de 29 de abril de 1994, 94 J.T.S. 61.
Para que la paralización tenga efecto inmediato, no se necesita una notificación, sólo se require la mera presentación de la solicitud de quiebra. "Tan pronto esto ocurre, en lo que atañe a los tribunales estatales, éstos pierden toda jurisdicción. Ese es precisamente el sentido de la calidad de automática que caracteriza a esta paralización." La paralización automática de la Ley de Quiebras, Instituto de Estudios Judiciales, Administración de los Tribunales, pág. 11 (1993).
Ello quiere decir, que al presentarse una solicitud de quiebras, el "Automatic Stay" opera en favor del deudor al impedir que se inste o se continúe con acciones en contra del mismo. Por tanto, "la iniciación del procedimiento de quiebras es una defensa personal que puede levantarse por el deudor únicamente". Cámara Insular de Comerciantes Mayoristas v. M. Anadón, S. en C., 83 D.P.R. 374, 380 (1961).
En tal sentido, la paralización automática no aplica a acciones iniciados originalmente por el deudor. Véase, Mesiti v. Microdot, Inc., 156 B.R. 113 (D. New Hampshire 1993); In re: KTMA Aquisition Corp., 153 B.R. 238 (Bankr. D. Minn. 1993); Overnite Transp. Co. v. Ryder/P-I-E Nationwide, Inc., 137 B.R. 766 (Bankr. E. D. Mo. 1992). Véase como ilustración, Brown v. Armstrong, 949 F.2d 1007 (8th Cir. 1991); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194 (3rd Cir. 1991); Martin-Trigona v. Champion Federal Savings, 892 F.2d 575 (7th Cir. 1989); Carley Capital Group v. Fireman's Fund Insurance Co., 889 F.2d 1126 (D.C. Cir. 1989).
En el Código de Quiebras al caudal en quiebras se le denomina "Estate" y éste se compone de todos los activos que son propiedad del deudor, 11 U.S.C. 541. Surge del historial legislativo de la sección 541 (a)(1) que el "Estate" abarca todo tipo de propiedades incluyendo tangibles o intangibles, causas de acción y otras formas de propiedad que se especifican en la sección 70a del Bankruptcy Act. M. Sloan v. Stefurak, 32 B.R. 607, 610 (Bankr. E.D. New York 1983). De igual manera, en Louden v. Federal Land Bank of Louisville, 106 B.R. 109, 111 (Bankr. E.D. Kentucky 1989) se reconoció que el "Estate" consiste en lo siguiente:

"[AJll legal or equitable interests of the debtor in property as of the commencement of the case. It is axiomatic that this broad definition includes causes of action owned by the debtor. Although there is no vesting of title to property of the estate conferred upon the trustee by the provision of section 541, 11 U.S.C. sec. 323 provides that:

(a) The trustee in a case under this title is the representative of the estate.

(b) The trustee in a case under this title has capacity to sue and be sued."

Por ende, la acción civil que el demandante incoó contra los demandados-peticionarios formaba parte del caudal en quiebra o "Estate”, razón por la cual, la persona con legitimación activa para instar la acción del presente caso era el síndico o trastee y no el demandante. Ibid, pág. 112. Cuando un deudor se acoge a la protección que le brinda la Ley Federal de Quiebras tiene un deber de informar todos los activos que componen su caudal. El guardar silencio sobre este hecho puede acarrear la *776 desestimación de su caso por catalogarse como un "estoppel". Ibid.
The basic principle of bankruptcy is to obtain a discharge from one's creditors in return for all one's assets, except those exempt, as a result of which creditors release their own claims and the bankrupt can start fresh. Assuming there is validity in Paylees's present suit, it has a better plan. Conceal your claims; get rid of your creditors on the cheap, and start over with a bundle of rights. This is a palpable fraud that the court will not tolerate, even passively. See, e. g. In re: H.R.P. Auto Center, Inc., 130 B.R. 247, 253-54 (Bankr. N.D. Ohio 1991)(collecting cases). Payless, having obtained judicial relief on the representation that no claims existed, can not now resurrect them and obtain relief on the opposite basis. This may not be strictly equitable estoppel, as the court observed. Indeed, defendants may have a windfall. However, it is an unacceptable abuse of judicial proceedings. Payless Wholesales Distributors, Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st. Cir. 1993). Véase también, Welsh v. Quabbin Timber, 199 B.R. 224, 228 (D. Massachusetts, 1996); Oneida Motors Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417-418 (3rd. Cir. 1988)."
Por otro lado, si el deudor bajo el Capítulo 7 por inadvertencia no informa de la existencia de un activo, dicho activo de cualquier manera pasa a formar parte del "Estate". Davis v. AVCO Finance, 158 B.R. 1000, 1002 (Bankr. N.D. Indiana 1993). Por ende, la persona con legitimación activa para litigar el caso es el síndico o "trustee". Lo anterior no necesariamente implica que se tenga que desestimar las causas de acción si el "trustee" no comparece en representación del "Estate".
Por excepción, se le reconoce legitimación activa a un deudor en quiebra para presentar una acción civil y continuar con los procedimientos cuando se demuestra que el síndico o trustee abandonó la propiedad. Sin embargo, si la propiedad nunca fue informada, no puede alegarse que la propiedad fue abandonada. Ibid. Véase también, Welsh v. Quabbin Timber, supra, pág. 229. De igual manera, se acepta que el deudor mediante documento escrito solicite a la Corte de Quiebras por medio del síndico o "trustee" un permiso para que le permitan iniciar un proceso adversativo. Davis v. AVCO Finance, supra, pág. 1003.
En el caso de autos esa fue la situación. Se desprende de los hechos del caso que tan pronto el abogado del demandante advino en conocimiento de que su representado tenía un caso pendiente en la Corte de Quiebras, éste gestionó una reunión con el síndico para averiguar el estatus del caso. En dicha reunión el síndico le indicó que era cierto que él tenía jurisdicción sobre el caso pero, que por tratarse de una caso difícil, que requería unos conocimientos especializados, le permitiría continuar litigándolo y cobrar sus honorarios de forma contingente. Acto seguido, el abogado del demandante presentó un documento titulado Verified Statement Pursuant to Local Rule 2014 donde le reitera al síndico que por desconocimiento de que su representado estaba bajo la protección de la Ley de Quiebras presentó la causa de acción aludida y solicitó permiso para continuar representando al demandante y cobrar por sus servicios. En respuesta, el síndico redactó otro documento titulado Application for Leave to Retain Special Counsel donde le informó a la Corte de Quiebras la situación particular del caso y su anuencia a que se continuara litigado por el abogado del demandante. En consecuencia, el demandante posee legitimación activa para continuar con los procedimientos ante el foro estatal.
Asimismo, el hecho de que esté pendiente unos procedimientos de quiebras no priva a los tribunales estatales de jurisdicción para dirimir la aplicabilidad del "Automatic Stay" ante los procedimientos ante su consideración. In re: Bona, 124 B.R. 11, 15 (S.D.N.Y. 1991).
Por los fundamentos antes expuestos se deniega la expedición del presente recurso de Certiorari.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
*777 ESCOLIOS 98 DTA 23
1. Adjustment of Debts of an Individual with Regular Income.
2. Liquidation.
3. Véase, Apéndice pág. 28.
4. Véase, Apéndice pág. 25.